# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAFAEL X. ZAHRALDDIN and SHELLEY A. KINSELLA | : <br> : <br> : C.A. No. 22-cv-00412-CFC <br> Plaintiff, : <br> : <br> v. : <br> : <br> ELLIOTT GREENLEAF, P.C. : <br> : <br> : <br> Defendant. : |

**PLAINTIFFS' EMERGENCY MOTION TO STAY AND TO EXTEND DEADLINES TO: (I) RESPOND TO MOTION TO DISMISS LITIGATION; (II) OBJECT TO REMOVAL; AND (III) TO ALLOW SEPARATE BRIEFING TO CHALLENGE JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Plaintiffs Rafael Zahralddin and Shelley Kinsella ("Rafael and Shelley") respectfully move this Court for: (i) an extension of time; (ii) an order staying this case until a ruling is made on a pending motion in another Court; and (iii) extending deadlines to respond pursuant to Federal Rule of Civil Procedure 6(b) until the resolution of a pending motion in litigation pending in the Court of Common Pleas of Montgomery County, Pennsylvania, styled as *Elliott Greenleaf, P.C. v. Rafael Zahralddin, et al.*, Civil Action No. 2021-01427 ("the PA Action"), based on the following facts and law:

4873-2104-1437.1

## NATURE AND STAGE OF THE PROCEEDINGS

Rafael and Shelley filed a Complaint in the Delaware Court of Chancery on March 29, 2022, for the enforcement of their rights to mandatory advancement of legal fees, costs, and expenses, ("Advancement Action") based on the Bylaws (the "Bylaws") of Defendant Elliott Greenleaf, P.C., (the "Elliott Firm"). The Elliott Firm removed the Advancement Action on March 30, 2022, to this Court.

The Elliott Firm filed the PA Action on February 5, 2021, regarding the departure of Rafael and Shelley from the Delaware office of the Elliott Firm.

The Elliott Firm, on March 31, 2022, filed a Motion in the PA Action to hold Rafael and Shelley--as well as their Delaware counsel in the instant case before this Court--in contempt for pursuing this case before this Court based on the argument that the Bylaws on which the advancement claims of Rafael and Shelley in this Court are based, can only be used in the PA Action.

Therefore, it would be an inequitable and unreasonable hardship to require Rafael and Shelley to proceed in this Court until a ruling is made on the pending motion filed by the Elliott Firm that seeks to impose contempt sanctions on both Rafael and Shelley, as well as their Delaware counsel in this Court, for pursuing the instant case that the Elliott Firm removed to this Court.

On April 19, 2022, the Elliott Firm filed in this Court a Motion to Dismiss (D.I. 3). Rafael and Shelley will address the many factual errors in that motion in a separate filing.

The Elliott Firm has argued in the PA Action and in their Notice of Removal in this case, D.I. 1 at 2 n.1, that the use of the Bylaws in the Advancement Action, and in this Court, by Rafael and Shelley is a continuing violation of a protective order in the PA Action.

Rafael and Shelley have filed in the PA Action a motion to challenge the designation of the Bylaws as confidential, asking the court in the PA Action to expressly authorize the use of the Bylaws in this Court to make the advancement claims based on those Bylaws. That motion is styled: "*Defendant's Answer to Plaintiffs' Motion for Contempt and Cross-Motion to Strike "Confidential" Designation*" ("Motion to Strike"), attached as Exhibit "A", because it also responds to the ongoing efforts of the Elliott Firm to prevent Rafael and Shelley to use the Bylaws on which their advancement claims are based in this Court.

## STATEMENT OF FACTS

Rafael and Shelley are Delaware lawyers, as well as husband and wife, who helped the Elliott Firm establish its Delaware office for many years. When they left the Elliott Firm in late December, 2020, the Elliott Firm retaliated by using scorched

earth, Rambo-like tactics, suing Rafael and Shelley – as well as their paralegal and others in the PA Action.

Rafael and Shelley have served as either officers, directors or shareholders of the Elliott Firm and are entitled (among other things) to copies of corporate governance documents, such as Bylaws – which provide mandatory advancement rights. *See, e.g.,* 15 Pa.C.S. §1512, et seq.

Rafael and Shelley filed a Motion to Expedite in the Court of Chancery at the same time they filed the Advancement Action. Advancement cases are routinely expedited in the Court of Chancery. *Kaung v. Cole Nat'l Corp.*, 884 A.2d 500, 509 (Del. 2005) ("An advancement action is a summary proceeding."). The Elliott Firm's removal to this Court – after the Court of Chancery had already contacted the parties for expedited scheduling – was not designed to reach a speedy resolution on the merits of the advancement claims.

The Elliott Firm protests loudly that the Bylaws which are the basis of the advancement claim are confidential--and cannot be used outside the PA Action. But, the actions of the Elliott Firm contradict their professed concern for the confidentiality of the Bylaws. For example:

(1) When the Elliott Firm removed the Advancement Action to this Court, they filed publicly the same Chancery complaint, with extensive, long

"block quotes" from the Bylaws, that they now argue should have been filed in Chancery confidentially, or under seal; and

(2) The Elliott Firm refused to cooperate with Rafael and Shelley when their Delaware counsel became aware of the confidentiality issue--after the Chancery suit was filed--and tried to place the Chancery pleadings under seal. The Court of Chancery informed the parties that it needed the consent of the Elliott Firm to give confidential treatment to the pleadings already filed, *see* letter from Court attached as Exhibit "B"; but the Elliott Firm refused to give that consent for confidential treatment. *See* letter attached as Exhibit "C" from the Elliott Firm.

The motion pending in the PA Action will decide the issue of whether the Bylaws should properly be designated as confidential.

In the meantime, the Elliott Firm is arguing in a motion they filed in the PA Action that Rafael and Shelley are prohibited from using the Bylaws in this Court to pursue advancement. *See* Motion of the Elliott Firm in the PA Action attached as Exhibit "D".

The Elliott Firm refused to consent to a stay of the litigation, therefore Rafael and Shelley had no other recourse than to file this motion.

Therefore, until that issue in the PA Action is resolved, it would be inequitable and unreasonable to force Rafael and Shelley to litigate in this Court while the Elliott

Firm is continuing to ask the court in a pending motion in the PA Action to hold Rafael and Shelley, and their Delaware counsel, in contempt for proceeding – in any manner – in this Court.

**ARGUMENT**

I. **LEGAL STANDARD**

This Court has the discretion to grant a stay and extend any relevant deadlines, including but not limited to Federal Rule of Civil Procedure 6(b). In exercising that discretion, the Court considers three factors: (i) whether a stay will simplify the issues in question for the proceeding; (ii) whether a stay will promote judicial economy, e.g., how far has the litigation advanced; and (iii) whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party, i.e., the balance of harms. *Calamos Asset Management, Inc. v. Travelers Cas. & Surety Co. of America*, 2020 WL 3470473 at * 5 (D. Del. Jun. 25, 2020). The Court may also consider whether the moving party would face hardship or inequity in going forward with the litigation. *Agrofresh, Inc. v. Essentiv LLC,* 2019 WL 2327654 at * 1 (D. Del. May 31, 2019).

Under Fed. R. Civ. P. 6(b)(1)(A), the Court may extend the answer response deadline for good cause upon a party's motion. "Courts have described Rule 6(b)(1)(A)'s 'good cause' standard as 'non-rigorous' and have noted that a request for an extension of time pursuant to the Rule should ''normally. . . be granted in the

absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"" *Davis v. Ace Hardware Corp.*, 2014 U.S. Dist. LEXIS 90657, at *94-96 (D. Del. July 2, 2014) (quoting 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)). Good cause exists here.

Rafael and Shelley will face both hardship and inequity if this case is allowed to proceed prior to the court in the PA Action ruling on the pending motion of the Elliott Firm requesting that Rafael and Shelley – and their Delaware counsel – should be held in contempt for proceeding in this Court.

## II. RESOLUTION OF THE LITIGATION IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA, WILL SIMPLIFY THE ISSUES IN THIS LITIGATION

Courts routinely stay matters if resolution of an action in another forum will streamline proceedings, even if the other proceeding would only resolve some of the issues. *Calamos Asset Management, Inc.*, 2020 WL 3470473 at * 5. As described above, the Contempt Motion claims a continuing violation of the protective order in the Pennsylvania State Court Litigation if the Bylaws are used in the Advancement Action before this Court.

The Bylaws are the heart and soul of the advancement claims in this Court, but the Elliott Firm still argues in a pending motion in the PA Action that Rafael and Shelley – and their Delaware counsel – should be held in contempt for using those Bylaws in this case before this Court.

Courts considering whether a stay would streamline proceedings have repeatedly held that this factor will weigh in favor of a stay even if a stay would simplify the issues for trial without necessarily resolving all of them. *See Agrofresh, Inc.*, 2019 WL 2327654 at * 2 (granting stay even though simplification applies only to one part of the case); *Yeransian v. Markel Corp.*, 2021 WL 979604 at * 7 (D. Del. Mar. 6, 2021) (case stayed in deference to pending arbitration in related matter, because there is similarity between causes of action even though there may not be complete overlap); *In re Community Health Systems, Inc. Stockholder Derivative Litigation*, 2021 WL 4476954 at * 1 (D. Del. Sept. 30, 2021) (stay granted due in part to similarity in a related securities action, even though the Plaintiffs have raised issues in Delaware litigation that may remain after resolution of securities action).

Until the Elliott Firm's threat of a contempt finding for pursuing this case is decided, neither Rafael and Shelley, nor their counsel, should be required to proceed in this matter.

## III. THIS CASE WAS JUST RECENTLY INITIATED, AND NO DISCOVERY HAS BEEN SERVED OR TRIAL SCHEDULED

The second factor that the Court analyzes in deciding a motion for a stay focuses on whether discovery is complete, and a trial date has been set. *Agrofresh*, 2019 WL 2327654 at * 1. The fact that this case was just filed, and briefing is not yet due weighs strongly in favor of granting a stay. *See Janklow on behalf of Stericycle, Inc. v. Alutto*, C2018 WL 6499869 at * 2 (D. Del. Dec. 11, 2018) (the

fact that a case is in its infancy, and the Court has not yet dedicated its scarce resources to the matter, weighs in favor of a stay); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2007 WL 2892707 at * 5 (D. Del. Sept. 30, 2007) (the fact that there has been no scheduling conference, no scheduling order, no discovery, and little time has been invested in the litigation weighs in favor of stay).

IV. **A STAY WILL NOT UNDULY PREJUDICE PLAINTIFFS**

The third factor the Court examines when deciding a motion to stay is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Calamos Asset Management*, 2020 WL 3470473 at * 5. The fact that the Elliott Firm argues that should this case proceed at all, the Elliott Firm's motion to hold Rafael and Shelley and their counsel will be in further contempt, also weighs in favor of a stay under this prong of the Court's analysis. *See, e.g., In re Community Health Systems Inc. Shareholder Litigation*, 2021 WL 4476954 at * 2. However, this matter is a distinct and separate action from the PA Action, so there can be no argument that the stay would in any way prejudice the Elliott Firm in regards to the PA Action.

V. **REQUIRING THE DEFENDANTS TO DEFEND THIS CASE WHILE THE CONFIDENTIALITY DISPUTE IS PENDING IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA WOULD BE INEQUITABLE**

The obligations of the parties based on a review of the Bylaws is central to the expedited summary nature of an advancement proceeding, which is very limited in

scope, as are the immediate questions of: (i) whether removal was appropriate; (ii) and whether the case should be dismissed.

It would be inequitable to require Rafael and Shelley to respond to the pending motion to dismiss or dispute the removal from Chancery Court under the threat of sanctions. It is unfortunate that the Elliott Firm's tactics have accomplished what they wanted from the start: further delay and further denial of essential advancement rights.

**VI. REQUEST FOR SEPARATE BRIEFING ON THE ISSUES OF (i) JURISDICTION (INCLUDING WHETHER REMOVAL WAS APPROPRIATE) AND (ii) DEFENDANT'S REQUEST FOR DISMISSAL UNDER FEDERAL RULE OF PROCEDURE 12(b)(6)**

Rafael and Shelley request that when the stay is lifted, the Court allow separate briefing for the issues of: (i) jurisdiction; (ii) removal; and (iii) arguments related to whether there is a claim for which relief can be granted. These three separate issues would be a major challenge to address within the page limited in the Local Rules of Civil Practice and Procedure of this Court. Alternatively, we respectfully request that the page limit be modified to allow for consolidated briefing on the removal, jurisdiction and Rule 12(b)(6) issues.

## CONCLUSION

For the foregoing reasons, Rafael and Shelley respectfully request that a stay be ordered in this action pending the outcome of the Elliott Firm's motion in the PA

Action to hold Rafael and Shelley, and their Delaware counsel, in contempt for proceeding in this Court.

In addition, we request relief from the page limitations to address the issues of removal, and jurisdiction, and Rule 12(b)(6) issues.

**LEWIS BRISBOIS**
  **BISGAARD & SMITH LLP**

 */s/ Francis G.X. Pileggi*
Francis G.X. Pileggi     (No. 2624)
Cheneise V. Wright     (No. 6597)
500 Delaware Avenue, Suite 700
Wilmington, DE  19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com
Cheneise.Wright@LewisBrisbois.com

*Counsel for Rafael X. Zahralddin and Shelley A. Kinsella*

Dated:  April 27, 2022