# EXHIBIT A

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**LUNDY BELDECOS & MILBY, P.C.**
**By:  Eric C. Milby, Esquire (#80769)**
**450 N. Narberth Avenue, Suite 200**
**Narberth, PA  19072**
**(610) 668-0773**

**TIMONEY KNOX, LLP**
**By: Eric B. Smith, Esquire (#81023)**
**400 Maryland Drive, P.O. Box 7544**
**Fort Washington, PA 19034**
**(215) 540-2653**                      *Attorneys for Defendants*

---------------------------------------------- :

| | |
|---|---|
| **ELLIOTT GREENLEAF, P.C.** | : **COURT OF COMMON PLEAS** |
| | : **OF MONTGOMERY COUNTY,** |
| **Plaintiff,** | : **PENNSYLVANIA** |
| **v.** | : |
| | : |
| **RAFAEL X. ZAHRALDDIN-ARAVENA,** | : **Civil Action No. 2021-01427** |
| **SHELLEY A. KINSELLA,** | : |
| **ERIC M. SUTTY,** | : |
| **JONATHAN M. STEMERMAN, AND** | : |
| **MARYANN MILLIS** | : |
| **Defendants.** | : |

---------------------------------------------- :

## DEFENDANTS' ANSWER TO PLAINTIFF'S MOTION FOR CONTEMPT AND CROSS-MOTION TO STRIKE "CONFIDENTIAL" DESIGNATION

*Pro se* Plaintiff's Motion for Contempt (the "Motion") is an over-zealous

compilation of derisive and defamatory adjectives and ad hominem attacks

designed <u>not</u> to seek a remedy for an inadvertent disclosure, which we know

because offers to cure were rejected, but rather is calculated to deprive

Defendants of their contractual and statutory legal right to Indemnity and

Advancement, and to intimidate their counsel.  Indeed, *pro se* Plaintiff's

requested sanction, $10,000 in "reasonable" attorneys' fees for preparing

and filing the 14-page Motion with no Memorandum of Law, is meritless

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

particularly where, as here, a *pro se* party may not recover attorneys' fees. Underlying the Motion is a set of Bylaws that cannot fairly be deemed confidential and is not properly within the scope of the Stipulated Protective Order ("Stipulation") that Plaintiff relies upon.  Specifically, the Bylaws are not within the scope of a Stipulation governing the "production and exchange of all documents" in litigation because the Bylaws "belong" to the Directors, should have been provided to Defendants when they were appointed Directors, and they were entitled to have them without restriction to fulfill their duties as Directors.  The fact that *pro se* Plaintiff withheld them from Defendants does not give them the right to now declare them confidential.

## Answer to Motion for Contempt

1.     Denied as stated.  The Court merely denied Defendants' Preliminary Objections to personal jurisdiction under the effects standard that considers whether the Plaintiff's allegations or inferences drawn therefrom establish minimum contacts and recited the allegations sufficient to establish minimum contacts. *Pro se* Plaintiff's out-of-context recitation of select portions of that Order, in an effort to thrust the Court into the role of advocate or suggest that the Court has pre-decided this dispute, is improper and irrelevant to the current Motion.

2.     Denied.  The Defendants, former at-will employees, have done no more than defend themselves against Plaintiff's frenetic attempts to make a

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

major case out of a routine law firm departure for which Plaintiff suffered no recoverable damages. Specifically, as it relates to this Motion, Defendants are entitled to bring an independent contractual claim for Advancement in the Delaware Courts which have substantial experience and specific summary procedures for handling such claims in an expeditious manner. Defendants have no obligation to conflate its contract claims by joining them in *pro se* Plaintiff's unnecessarily protracted tort matter.

3. Denied. *Pro se* Plaintiff is making false and derogatory accusations with no factual basis <u>at all</u>. Defendants did not seek to have their prior counsel withdraw, rather, prior counsel sought withdrawal on their own. In yet another example of *pro se* Plaintiff's dogged refusal to cooperate with defense counsel <u>at all</u>, Defendants had offered to retain new counsel and get that counsel up to speed on a year of acrimonious litigation on an expedited basis, *pro se* <u>Plaintiff flatly refused any cooperation whatsoever</u>. Although *pro se* Plaintiff excoriates Defendants and can barely mask its disdain for Judge Silow for granting a reasonable stay, it can only blame itself for the consequences of its unwavering refusal to cooperate toward the resolution of any issue and forcing the Court to adjudicate matters that are customarily resolved between the parties. This Motion is another example. *Pro se* Plaintiff would benefit from independent counsel.

4. Denied. Undersigned counsel have entered their appearance for the purpose of responding to this unnecessary Motion after *pro se* Plaintiff

Case# 2021-01427-32 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

refused to even consider any proposed amicable or non-judicial resolution. Undersigned counsel intend to get up to speed on the entire case and file a timely Answer to the Complaint within the timelines set forth in Judge Silow's Order.

5.     Admitted in part and denied in part.  It is admitted that the action in Delaware is new and "wholly different".  It is denied that Defendants are playing games with this Honorable Court or have any plan to obstruct this Court's proceeding. To the contrary, they take this matter very seriously and look forward to this Honorable Court entering judgment in their favor. Again, *pro se* Plaintiff is making false and derogatory accusations with no factual basis at all.  Defendants did not seek to have their prior counsel withdraw.  Prior counsel sought to withdraw shortly before the Answer was due and again *pro se* Plaintiff refused to cooperate when Defendants offered to promptly retain new counsel and get that counsel up to speed on a year of acrimonious litigation on an expedited basis.  *Pro-se* Plaintiff brusquely refused any extension request or cooperation whatsoever.  Though *pro se* Plaintiff excoriates Defendants and barely masks its disdain for Judge Silow's ruling; it can only blame itself for the consequences of its unwavering refusal to resolve any issue without burdening the Court.  Delaware counsel is an experienced Delaware corporate litigator and filed the summary action because the *pro se* Plaintiff's refuse to honor its clear contractual obligation to advance the costs of defense and that narrow issue is routinely decided in

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a standalone case on an expedited basis.  Defendants cannot be faulted for pursuing important legal rights in the quickest and most economic manner.

6.       Denied. Defendants have not crossed any line or engaged in any contempt of this Court's orders.  *Pro se* Plaintiff cannot impose "confidentiality and use restrictions" on a document that belongs to Defendants.  A "Bylaw" is "[a] rule or administrative provision adopted by an organization for its internal governance. . ." Black's Law Dictionary (11th ed. 2019).  Here the Bylaws were adopted by Defendants as shareholders and directors of Plaintiff and contains important legal rights.  Plaintiff withheld it from Defendants and then improperly attempted to "use restrict" Defendants' legal rights by unilaterally and inappropriately stamping every page of the Bylaws "Confidential" in their entirety when finally producing them.  The Stipulation does not permit such broad designations but instead requires the parties to designate only those portions of any document as confidential that contain specifically defined confidential information.

Further the Stipulation does not provide for a remedy in contempt. Rather, it merely provides that disputes "shall be submitted to the court for resolution."  The Parties elected to waive the remedy of contempt, instead, putting the issues of whether information is, or is not, confidential, or should, or should not be designated as such, or sealed, or not sealed, may

  
Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

be, or not be, disclosed, to the Court for resolution.[1]  "The purpose of a civil contempt proceeding is remedial, and judicial sanctions are employed (1) to coerce the defendant into compliance with the court's order, and (2) in some instances to compensate the complainant for losses sustained."  Knaus v. Knaus, 127 A.2d 669, 672, 387 Pa. 370, 377 (Pa. 1956) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303).  "To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced."  Lachat v. Hinchcliffe, 769 A.2d 481, 489 (Pa. Super. 2001).  Here, (1) Delaware counsel for Defendants was not aware of the Stipulation until after the Delaware advancement action was filed.  See Affidavit of Francis G.X. Pileggi attached hereto.  Moreover, the Bylaws should never have been withheld from two of the Directors and are not confidential under the Stipulation despite *pro se* Plaintiff's unilateral designation as such, (2) the inadvertent disclosure by Delaware counsel's office was not volitional or known to Defendants until after the fact, and (3) neither Defendants nor their

---

[1] While violation of an Order of Court making a final determination as to confidentiality, or disclosure, or redaction, or sealing, may be a proper subject of a contempt motion.  But here, there is a genuine dispute as to the confidentiality of the Bylaws.  That dispute must be resolved by the Court and is not a proper subject of a contempt motion under the Stipulation.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Delaware counsel acted with wrongful intent.  "[T]he burden of proof rests with the complaining party to demonstrate, by preponderance of the evidence, that the defendant is in noncompliance with a court order.  However, **a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt."** Id. at 488 (internal citations omitted).  Further, the Bylaws, which define the Defendants' legal rights both as shareholders and directors, were stamped confidential only after Defendants signed the Stipulation.  That improper designation is (i) against public policy in that, if the unilateral confidentiality designation were accepted it would curtail the shareholders' and directors' legal rights, and (ii) contrary to the law because specific provisions of the Pennsylvania Business Corporation Act give the Directors broad rights of access to that information.

7.     Admitted.  By way of further answer, it was *pro se* Plaintiff that unilaterally and improperly designated the Bylaws as "confidential" in their entirety, but the corporate document governing the Defendants rights as shareholders and directors **is not confidential**.  They contain no "non-public confidential, personal, proprietary strategic, customer, personnel, or financial information."   To the contrary, the Bylaws define the legal rights as between the shareholders and directors of the Corporation and should never have been withheld from the directors in the first place. *Pro se* Plaintiff's attempt to restrict Defendants' use of the Bylaws, in their entirety, is a

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

naked attempt by *pro se* Plaintiff to avoid its own legal obligations and deprive Defendants of their legal rights.

8.      Admitted in part and denied in part.  It is admitted that Delaware counsel for Defendants inadvertently did not seal the Bylaws that were attached to the Advancement action but was not aware of the Stipulation and simply made a harmless and minor clerical error.  Delaware counsel immediately contacted *pro se* Plaintiff when he became aware of the error and offered to resolve the matter. (Exhibit 1).  *Pro se* Plaintiff returned the call, refused any cooperative efforts to resolve the matter amicably, advised Delaware counsel that continuing to pursuing Defendants' clear contractual legal rights would be a violation of the Stipulation, and confirmed the call by email. (Exhibit 2).  Delaware counsel persisted in seeking an amicable resolution of this matter by Stipulation to seal the record pending a determination of the confidentiality, but *pro se* Plaintiff, in no hurry to seal the record, declined to sign the stipulation and said they would get back to Defendants' counsel on Monday. (Exhibit 3).  Undaunted in its good faith efforts, Delaware counsel filed a motion to seal the record. (Exhibit 3).  On Monday April 4, 2022, *pro se* Plaintiff responded to Delaware counsel that they would not stipulate to seal the record instead revealing their true motive – not to protect "confidential" information but to threaten Defendants and their counsel into withdrawing the advancement claims (Exhibit 4). Delaware counsel and *pro se* Plaintiff were advised by the Court of Chancery

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

that it could not accept the Motion to Seal the documents because *pro se* Plaintiffs here had removed the advancement action to the District Court of Delaware but advised all counsel that the Court could act <u>if all parties agreed</u>. (Exhibit 5). *Pro se* Plaintiff responded directly to the Court of Chancery and refused to consent to seal the Bylaws from public view claiming, disingenuously, that it was "unable to consent" because it had removed the case to the federal court.  **Importantly, *pro se* Plaintiff has waived the confidentiality claim by (i) removing the Delaware action to the Federal Court, (ii) publicly filing the same Advancement complaint in that new action in that new forum, and (iii) refusing to cooperate on any effort to seal the publicly filed Bylaws that it complains of here.** (see Exhibit 6).  Newly engaged undersigned counsel wrote to *pro se* Plaintiffs on Monday April 4, 2022 seeking agreement to remove the unilateral confidentiality designation applied to the Bylaws. (Exhibit 7).  *Pro se* Plaintiffs have yet to respond.

The Advancement action is a contract action separate from this tort action and, as Plaintiff in that action, Defendants in this case were entitled to choose where to file. Although an Advancement claim may be filed as a mandamus action and summarily resolved on a motion for peremptory judgment in Pennsylvania, Defendants chose to file in Delaware because such actions are common and are specifically defined as summary actions that are routinely resolved on an expedited basis.  Notably, Pennsylvania

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

follows Delaware advancement law. This action has been significantly protracted and Defendants cannot be faulted for choosing an expedited action considering Defendants' protracted unpleasant experience with *pro se* Plaintiff in this action.

9.      Denied. It is specifically denied that Defendants or their Delaware counsel engaged in any knowing or intentional violation of the Stipulation. Here, *pro se* Plaintiff seeks to enjoin the use, by Defendants, of the Bylaws that define Defendants' legal rights. This request is a clear attempt to obstruct Defendants' ability to compel *pro se* Plaintiff to honor the Bylaws and this Court should not consider entertaining such a drastic and disproportionate remedy for an inadvertent disclosure of a document that should never have been unilaterally marked "confidential" in the first place.

10.     Denied. This Court should not consider entertaining such a drastic remedy, the deprivation of Defendants' legal rights, for an inadvertent disclosure of a document that, although labeled confidential is not confidential, and should not have been unilaterally marked "confidential" by *pro se* Plaintiff.

11.     Admitted in part and denied in part. It is admitted that Delaware counsel is a Pennsylvania licensed attorney whose law firm has an office in Pennsylvania among its 53 other offices. However, he is not subject to the jurisdiction of this court for the purpose of this Motion for Contempt because he is not counsel of record nor is he a party to this action, nor does he live

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

or work in Montgomery County.

12.     Denied. Plaintiff is acting *pro se* and is not entitled to recover attorney's fees in this action. Morley v. Farnese, 178 A.3d 910, 917–18 (Pa. Cmwlth. 2018)[2] See also, Lowe v. Lowe, 110 A.3d 211, 214 (Pa. Super. 2015) (Section 2503 does not authorize 'an award of a pro se equivalent of counsel fees to a pro se litigant").

13.     Denied. Plaintiff is acting *pro se* and is not entitled to recovery of attorney's fees. Morley v. Farnese, 178 A.3d 910, 917–18 (Pa. Cmwlth. 2018).

14.     Denied. Neither Defendants nor their Delaware counsel should be held in contempt for counsel's inadvertent disclosure because the actions for which *pro se* Plaintiff seeks to hold them in contempt were not volitional and were not done with wrongful intent.

WHEREFORE, Defendants respectfully request that *pro se* Plaintiff's Motion for Contempt be denied because *pro se* Plaintiff has waived the claim

---

[2] "Section 2503 of the Judicial Code provides for the award of 'a reasonable counsel fee as part of the taxable costs of the matter' where the opposing party has engaged in "dilatory, obdurate or vexatious conduct" in that proceeding, where the opposing party's conduct 'was arbitrary, vexatious or in bad faith,' and where authorized by statute. 42 Pa. C.S. §2503(7), (9), (10). Section 2503 permits only an award of attorney fees, not other sanctions, and permits such an award to reimburse a litigant for attorney fees that it incurred in the litigation. 42 Pa. C.S. § 2503; Maurice A. Nernberg & Associates v. Coyne, 920 A.2d 967, 972 (Pa. Cmwlth. 2007); Westmoreland County Industrial Development Authority v. Allegheny County Board of Property Assessment, 723 A.2d 1084, 1086–87 (Pa. Cmwlth. 1999). Plaintiff did not incur any counsel fees in the petition to set aside proceedings because he represented himself. Section 2503 does not provide a basis for any award to a pro se litigant. Maurice A. Nernberg & Associates, 920 A.2d at 972; Westmoreland County Industrial Development Authority, 723 A.2d at 1087. Plaintiff therefore has no cause of action under Section 2503 of the Judicial Code as a matter of law."

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of confidentiality as to the Bylaws by (i) removing the Delaware action to the Federal Court, (ii) publicly filing the same Advancement complaint in that new action in that new forum, and (iii) refusing to cooperate on any effort to seal the publicly filed Bylaws that it complains of here.  Moreover, the Bylaws are not confidential under the definition of confidential information in the Stipulation and the Defendants did not act volitionally or with wrongful intent.

### Cross-Motion to Strike "Confidentiality" Designation from Bylaws

15.    Defendants incorporate their responses to paragraphs 1 to 14 as if fully set forth herein.

16.    The Stipulation is a contract between *pro se* Plaintiff and Defendants and must be construed in accordance with the intent of the parties. (Exhibit 8) (see Stuart v. McChesney, 444 A.2d 659 (Pa. 1982).

17.    As such, the Stipulation is interpreted as a contract and in enforcing same, the Court's role is to determine the intent of the parties.

18.    The scope of the Stipulation as defined in paragraph 1, which explains that it "shall govern the production and exchange of all documents... produced, given or exchanged, by and among the parties... (hereinafter collectively, "Discovery Material")".

19.    Bylaws, however, are the rules adopted by the Directors, including Defendants Zahralddin and Kinsella, for the governance of Elliott Greenleaf by the Directors and Shareholders.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

20.     As directors and shareholders, the Bylaws belong to the Director and Shareholder Defendants as much as they belong to the Plaintiff.

21.     In other words, the Bylaws are not "Discovery Materials" that one side could have a privacy interest as against the other side.

22.     The Bylaws define rights and obligations of the Directors and Shareholders.

23.     Because the Bylaws define rights of the Shareholders and Directors, Defendants have the same rights to the use of this bylaws is the Plaintiff.

24.     *Pro se* Plaintiff however unilaterally stamped the Bylaws "confidential" in their entirety when producing Discovery Materials and now claims that they have, by fiat, restricted the use of the Bylaws by Defendants.

25.     More pointedly, Plaintiff claims in effect that they have unilaterally restricted Defendants contractual and legal rights including the right to compel Plaintiff to honor its Indemnity and Advancement obligations.

26.     *Pro se* Plaintiff, as the producing and designating party, has the burden of first demonstrating to this Honorable Court that the Bylaws are in fact confidential, and not merely blanket-designated as such. (See Exhibit 8 at paragraph 4).

27.     There can be no contempt unless in fact the Bylaws are actually confidential.

28.     The terms of the stipulation are important in assessing whether Plaintiff properly designated the Bylaws, in their entirety, as "confidential."

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

29.    Paragraph 2 states that "the parties may designate as confidential **those portions** of any document ... constituting confidential information." (See Exhibit 8, paragraph 2).

30.    Here, Plaintiff did not designate portions of documents as confidential; rather they broadly designated whole documents as confidential and did so with most of the documents produced in discovery.

31.    Further, paragraph 2 of the Stipulation provides that confidential information is defined as discovery materials that the producing party "reasonably believes not to be in the public domain and contains any confidential personal proprietary strategic customer personnel or financial information."  (Exhibit 8, Paragraph 2).

32.    Paragraph 3 provides that "prior to designating any material or information is confidential, the party seeking the designation **must make a reasonable, good faith determination** that the material contains nonpublic, confidential, personal, proprietary, strategic, customer, personnel or financial information not generally known or disclosed to the public." (Exhibit 8, Paragraph 3).

33.    The Bylaws do not contain any confidential personal, proprietary, strategic, customer, personnel, or financial information.

34.    Notably, Plaintiff did not include a confidentiality clause in the Bylaws themselves when they were adopted in 2018.

35.    Paragraph 9 provides that **"confidential designations within**

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**documents shall be narrowly tailored to only those pages and portions that contain confidential information."** (emphasis added). (Exhibit 8, Paragraph 9).

36.    Pursuant to paragraph 10, Defendants have attempted to resolve this dispute by written notice to Plaintiff. (Exhibit 8, Paragraph 10; Exhibit 7).

37.    As of this filing, Plaintiff has not responded to the attempt to resolve the improper and overly broad designation.

38.    Defendants now apply to this Honorable Court for an Order lifting the confidential designation in accordance with paragraph 10 of the Stipulation.

39.    In the absence of specific reasons to the contrary, courts and the filings therein are to remain open and transparent to the public.

40.    This policy is critical to a well-functioning and fair democracy and as reflected in our State and Federal constitutions.

41.    The United States Constitution grants the public and the press a presumptive writing right of access to civil proceedings. (U.S. Const. amend. I).

42.    Similarly, the Pennsylvania Constitution grants the public and the press a presumptive right of access to civil proceedings. Pa. Const. art. I, §11 ("All courts shall be open"). See also Commonwealth v. Hayes, 414 A.2d 318, 321 (Pa. 1980).

43.    In In re M.B., 819 A.2d 59, 61 (Pa. Super. 2003)(internal citations omitted, the court interpreting §11 stated "This constitutional provision has

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

been referred to as a 'mandate' for open and public trials... and has been applied in both civil and criminal cases..."

44.     There is also "a qualified First Amendment right of access to certain judicial... documents." Commonwealth v. Martinez, 917 A.2d 856, 860 (Pa. Super. 2007).

45.     Thus, in Pennsylvania, the First Amendment right of access extends to both judicial proceedings and documents.

46.     In Pennsylvania, the common law also grants the public and press a presumptive right of access to "public judicial documents." Commonwealth v. Fenstermaker, 530 A.2d 414, 418 (Pa. 1987); see also Commonwealth v. Curley, 2018 Pa. Super. LEXIS 599. at *9 (June 4, 2018) (recognizing "the right of the public to inspect judicial records").

47.     The common law presumption of openness requires courts to balance "the presumption of openness attached to a public judicial document" against the "circumstances warranting closure of the document to public inspection." Fenstermaker, 530 A.2d at 420.

48.     Here, the Stipulation very clearly required the parties to narrowly tailor their confidential designations only to those portions of the documents that contain "confidential, personal, proprietary, strategic, customer, personnel or financial information." (Exhibit 8, paragraph 9).

49.     Pro se Plaintiff's blanket designation of the entire Bylaws as confidential is contrary to the agreement of the parties as clearly stated in

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

paragraph 9 of the Stipulation. (Exhibit 8, paragraph 9).

50.    Further, *pro se* Plaintiffs cannot sustain their burden of proving that any information within the Bylaws is confidential and worthy of protection, especially in light of the presumptive right of access to judicial documents. (Exhibit 8, paragraph 4; <u>Fenstermaker</u>, 530 A.2d at 420).

51.    Finally, *pro se* Plaintiff has waived its right to claim the document is confidential by refusing to cooperate with Defendants on an effort to seal the document after the inadvertent disclosure.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order in accordance with paragraph 22 of the Stipulation declaring that the Bylaws are not confidential, and Defendants are not restrained from pursuing their legal rights thereunder.

**LUNDY, BELDECOS, & MILBY, P.C.**

**Date:** <u>April 7, 2022</u>          BY: _____

**ERIC C. MILBY, ESQ.**
*Attorney for Defendants*

**TIMONEY KNOX, LLP**

**Date:** <u>April 7, 2022</u>          BY: _____

**ERIC B. SMITH, ESQ.**
*Attorney for Defendants*

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | | |
|---|---|---|
| ELLIOTT GREENLEAF, P.C. | : | **COURT OF COMMON PLEAS** |
| | : | **OF MONTGOMERY COUNTY,** |
| **Plaintiff,** | : | **PENNSYLVANIA** |
| v. | : | |
| | : | |
| RAFAEL X. ZAHRALDDIN-ARAVENA, | : | Civil Action No. 2021-01427 |
| SHELLEY A. KINSELLA, | : | |
| ERIC M. SUTTY, | : | |
| JONATHAN M. STEMERMAN, AND | : | |
| MARYANN MILLIS | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2022, upon consideration of Plaintiff's Motion for Contempt, and Defendants' Response to Plaintiff's Motion for Contempt and Cross Motion to Strike Confidential Designation, it is **ORDERED** that:

1. The "confidential" designation applied to the Bylaws by Plaintiff is hereby stricken, and

2. The Motion for Contempt is Denied as Moot[1].

BY THE COURT:

_____

_____, J.

---

[1] Because I find as a threshold matter that the Bylaws are not confidential, the public use of the Bylaws by Defendants is not a violation of the Stipulated Confidentiality Order approved by this Court, and the Motion for Contempt is moot so no hearing on the Motion for Contempt was necessary.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jessica Zettlemoyer**

| | |
|---|---|
| **From:** | Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com> |
| **Sent:** | Thursday, March 31, 2022 1:39 PM |
| **To:** | Mark Schwemler |
| **Cc:** | Brian E. O'Neill; Fred Santarelli; Colin J. O'Boyle |
| **Subject:** | RE: Rafael X. Zahralddin v. Elliott Greenleaf PC--follow up on issue you raised about the Bylaws |
| **Importance:** | High |

Mark,

I just left you a voicemail a few minutes ago regarding the issue you raised yesterday in your Federal Court filing about the Bylaws. As I mentioned:

- I just became aware yesterday—after your Federal Court filing—of the Confidentiality Stipulation.
- I saw that Stipulation for the first time late yesterday.
- Nonetheless, even though we should challenge the designation as confidential, regardless of that challenge I am seeking a "meet and confer" to determine if you want to discuss a resolution of this procedural issue.
- Do you have a proposal for resolving this issue?
- Let me know if you want to schedule a call.

Thank you,
Francis

P.S. The Motion to Expedite is a separate matter and those motions are routinely granted in advancement cases in Delaware. Thus, we will be filing that motion today.

Francis G.X. Pileggi
Delaware Office Managing Partner
Lewis Brisbois
500 Delaware Ave., Suite 700
Wilmington, Delaware 19801
(o) 302-655-3667
(c) 610-457-0407
Francis.Pileggi@LewisBrisbois.com
Blog: www.delawarelitigation.com

---

-----------------------------------------------

**From:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Sent:** Thursday, March 31, 2022 11:20 AM

1

Case# 2021-Q1427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**To:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Cc:** Brian E. O'Neill <beo@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>; Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com>
**Subject:** [EXT] RE: Rafael X. Zahralddin v. Elliott Greenleaf PC


Cheneise:

We do not agree that there is a need to expedite anything in this matter. As for the action that was improperly commenced by your firm in Delaware, we intend to file a Motion to Dismiss at the appropriate time.

Please refrain from filing the motion you reference, as your clients and your firm have already committed multiple violations of Judge Page's August 10, 2021 Stipulated Protective Order.

Mark J. Schwemler, Esq.
Elliott Greenleaf
925 Harvest Drive
Suite 300
Blue Bell PA 19422
215-977-1051

**From:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Sent:** Thursday, March 31, 2022 9:11 AM
**To:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Cc:** Brian E. O'Neill <beo@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>; Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com>
**Subject:** Rafael X. Zahralddin v. Elliott Greenleaf PC

Mark,

I just left you a voicemail regarding the contents of this email.

In light of your notice of removal, we intend to file a motion to expedite today. Do you intend to oppose this motion? If not, let us arrange a time to speak about the case scheduling order.

Best regards,
Cheneise Wright


 **Cheneise V. Wright**
**Attorney**
Cheneise.Wright@lewisbrisbois.com

**T: 302.985.6007  F: 302.985.6001**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

2

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jessica Zettlemoyer**

**From:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Sent:** Thursday, March 31, 2022 2:12 PM
**To:** Pileggi, Francis
**Cc:** Brian E. O'Neill; Fred Santarelli; Colin J. O'Boyle
**Subject:** [EXT] RE: Rafael X. Zahralddin v. Elliott Greenleaf PC--follow up on issue you raised about the Bylaws



Francis:

As per our discussion, you and your clients are in contempt of the Court Order, and we will be filing a motion to that effect here in Montgomery County. Your clients certainly know about the Protective Order, and we cannot understand how you would file a Bates-stamped document labelled "CONFIDENTIAL" without inquiring further about the document, and educating yourself as to the fact that the document also cannot be used in any other litigation. We knew nothing about the contents of the complaint you filed in Chancery Court until a reporter reached out to us about it, so the records at issue are now in the public domain, unfortunately.

We cannot provide you with advice as to how to proceed, but you should be taking all steps to mitigate contempt of Judge Page's Protective Order, including striking any filings you made. Any further litigation about the Bylaws in another forum would amount to further contempt, and we strongly disagree that your clients are entitled to any "advancement". We consider these efforts to be undertaken in bad faith, in multiple respects.

Mark J. Schwemler, Esq.
Elliott Greenleaf
925 Harvest Drive
Suite 300
Blue Bell PA 19422
215-977-1051

**From:** Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com>
**Sent:** Thursday, March 31, 2022 1:39 PM
**To:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Cc:** Brian E. O'Neill <beo@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>
**Subject:** RE: Rafael X. Zahralddin v. Elliott Greenleaf PC--follow up on issue you raised about the Bylaws
**Importance:** High

Mark,

I just left you a voicemail a few minutes ago regarding the issue you raised yesterday in your Federal Court filing about the Bylaws. As I mentioned:

1

- I just became aware yesterday—after your Federal Court filing—of the Confidentiality Stipulation.
- I saw that Stipulation for the first time late yesterday.
- Nonetheless, even though we should challenge the designation as confidential, regardless of that challenge I am seeking a "meet and confer" to determine if you want to discuss a resolution of this procedural issue.
- Do you have a proposal for resolving this issue?
- Let me know if you want to schedule a call.

Thank you,

Francis

P.S. The Motion to Expedite is a separate matter and those motions are routinely granted in advancement cases in Delaware. Thus, we will be filing that motion today.

Francis G.X. Pileggi
Delaware Office Managing Partner
Lewis Brisbois
500 Delaware Ave., Suite 700
Wilmington, Delaware 19801
(o) 302-655-3667
(c) 610-457-0407
Francis.Pileggi@LewisBrisbois.com
Blog: www.delawarelitigation.com

-----------------------------------------------

**From:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Sent:** Thursday, March 31, 2022 11:20 AM
**To:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Cc:** Brian E. O'Neill <beo@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>; Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com>
**Subject:** [EXT] RE: Rafael X. Zahralddin v. Elliott Greenleaf PC

Cheneise:

We do not agree that there is a need to expedite anything in this matter. As for the action that was improperly commenced by your firm in Delaware, we intend to file a Motion to Dismiss at the appropriate time.

Please refrain from filing the motion you reference, as your clients and your firm have already committed multiple violations of Judge Page's August 10, 2021 Stipulated Protective Order.

Mark J. Schwemler, Esq.
Elliott Greenleaf
925 Harvest Drive
Suite 300

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Blue Bell PA 19422
215-977-1051

**From:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Sent:** Thursday, March 31, 2022 9:11 AM
**To:** Mark Schwemler <mjs@elliottgreenleaf.com>
**Cc:** Brian E. O'Neill <beo@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>; Pileggi, Francis <Francis.Pileggi@lewisbrisbois.com>
**Subject:** Rafael X. Zahralddin v. Elliott Greenleaf PC

Mark,

I just left you a voicemail regarding the contents of this email.

In light of your notice of removal, we intend to file a motion to expedite today. Do you intend to oppose this motion? If not, let us arrange a time to speak about the case scheduling order.

Best regards,
Cheneise Wright



**Cheneise V. Wright**
**Attorney**
Cheneise.Wright@lewisbrisbois.com

**T: 302.985.6007  F: 302.985.6001**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

3

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jessica Zettlemoyer**

| | |
|---|---|
| **From:** | Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com> |
| **Sent:** | Friday, April 1, 2022 4:38 PM |
| **To:** | Brian E. O'Neill |
| **Subject:** | RE: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment |

Brian,

In an effort to keep this a cordial as possible I will not make arguments via email. However, I do not agree with your below assertions. I am more than happy to schedule a call to further address this matter.

Although we will be filing today the referenced motion under Rule 5.1, if we execute our proposed stipulation Monday that should render our Rule 5.1 motion moot.

Have a great weekend.

Best regards,
Cheneise


**Chenelse V. Wright**
**Attorney**
Wilmington
302.985.6007 or x3026007

**From:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Sent:** Friday, April 1, 2022 4:15 PM
**To:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Cc:** Mark Schwemler <mjs@elliottgreenleaf.com>; John P. Elliott <jpe@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>
**Subject:** [EXT] RE: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment


Cheneise,

I note that the confidentiality of the document at issue is governed by a state court order in the Montgomery County Court of Common Pleas.  Pursuant to that Order and the pending litigation in Pennsylvania state court, your clients' effort to litigate their advancement claim in the Court of Chancery and the United States District Court of Delaware is in improper forums.  This is particularly true where the use of the confidential information at issue, not just its publication, is itself a violation of the controlling Confidentiality Order issued by the Montgomery County Court of Common Pleas.

I will review your proposed stipulations with my client and respond to you on Monday as to what remedy may ameliorate, if at all, the breach of confidentiality at issue.

Best regards,

Brian

1

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Brian E. O'Neill
ELLIOTT GREENLEAF, P.C.
1105 N. Market Street,
17th Floor
Wilmington, DE 19801
(302) 384-9401

**From:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Sent:** Friday, April 01, 2022 3:12 PM
**To:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Subject:** Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment

Brian,

In an effort to resolve the issues related to the inadvertent disclosure of the bylaws before we became aware of the Stipulated Order of the PA court, I propose that the parties execute the attached two stipulations today. One would be filed in the Court of Chancery and the other would be filed in the District of Delaware.

You recently re-filed publicly in federal court the same Chancery complaint we filed. Without admitting that the complaint must be treated confidentially, this approach would reduce the temperature of this procedural dispute until related issues were resolved. Should we not hear from you by 4:15 p.m. we shall assume that you do not consent and will file a motion for confidential treatment in order to effectuate the same result as a gesture of goodwill in the nature of a meet and confer to resolve procedural issues. This is another overture on our part to meet and confer in order to seek a resolution of this procedural issue.

Additionally, moving forward please direct all communications to me regarding the Delaware matter.

Best regards,
Cheneise



**Cheneise V. Wright**
**Attorney**
Cheneise.Wright@lewisbrisbois.com

**T: 302.985.6007  F: 302.985.6001**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jessica Zettlemoyer**

| | |
|---|---|
| **From:** | Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com> |
| **Sent:** | Monday, April 4, 2022 5:03 PM |
| **To:** | Pileggi, Francis |
| **Subject:** | FW: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment |

**Cheneise V. Wright**
**Attorney**
Wilmington
302.985.6007 or x3026007

**From:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Sent:** Monday, April 4, 2022 5:02 PM
**To:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Cc:** Mark Schwemler <mjs@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; John P. Elliott <jpe@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>
**Subject:** [EXT] RE: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment

Cheneise,

My client cannot stipulate to conduct that is a violation of the Montgomery County Court of Common Pleas' Order with respect to confidentiality and use of documents designated as confidential. We respectfully request that your clients withdraw their Complaint in federal court without prejudice. As I stated on Friday, Delaware would not be the appropriate forum for your clients' advancement claims, which, we submit, are otherwise meritless and should not be filed at all. If your clients wish to use the document and information at issue in a forum other than the Montgomery County Court of Common Pleas, their remedy would be to first seek relief from the Montgomery County Court's Order.

Best regards,

Brian

Brian E. O'Neill
ELLIOTT GREENLEAF, P.C.
1105 N. Market Street,
17th Floor
Wilmington, DE 19801
(302) 384-9401

1

**From:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Sent:** Friday, April 01, 2022 4:38 PM
**To:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Subject:** RE: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment

Brian,

In an effort to keep this a cordial as possible I will not make arguments via email. However, I do not agree with your below assertions. I am more than happy to schedule a call to further address this matter.

Although we will be filing today the referenced motion under Rule 5.1, if we execute our proposed stipulation Monday that should render our Rule 5.1 motion moot.

Have a great weekend.

Best regards,
Cheneise

**From:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Sent:** Friday, April 1, 2022 4:15 PM
**To:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Cc:** Mark Schwemler <mjs@elliottgreenleaf.com>; John P. Elliott <jpe@elliottgreenleaf.com>; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Colin J. O'Boyle <CJO@elliottgreenleaf.com>
**Subject:** [EXT] RE: Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment

Cheneise,

I note that the confidentiality of the document at issue is governed by a state court order in the Montgomery County Court of Common Pleas.  Pursuant to that Order and the pending litigation in Pennsylvania state court, your clients' effort to litigate their advancement claim in the Court of Chancery and the United States District Court of Delaware is in improper forums.  This is particularly true where the use of the confidential information at issue, not just its publication, is itself a violation of the controlling Confidentiality Order issued by the Montgomery County Court of Common Pleas.

I will review your proposed stipulations with my client and respond to you on Monday as to what remedy may ameliorate, if at all, the breach of confidentiality at issue.

Best regards,

Brian

Brian E. O'Neill
ELLIOTT GREENLEAF, P.C.
1105 N. Market Street,
17th Floor
Wilmington, DE 19801
(302) 384-9401

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 8:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**From:** Wright, Cheneise <Cheneise.Wright@lewisbrisbois.com>
**Sent:** Friday, April 01, 2022 3:12 PM
**To:** Brian E. O'Neill <beo@elliottgreenleaf.com>
**Subject:** Zahralddin, et al. v. Elliott Greenleaf--Stipulation for Confidential Treatment

Brian,

In an effort to resolve the issues related to the inadvertent disclosure of the bylaws before we became aware of the Stipulated Order of the PA court, I propose that the parties execute the attached two stipulations today. One would be filed in the Court of Chancery and the other would be filed in the District of Delaware.

You recently re-filed publicly in federal court the same Chancery complaint we filed. Without admitting that the complaint must be treated confidentially, this approach would reduce the temperature of this procedural dispute until related issues were resolved. Should we not hear from you by 4:15 p.m. we shall assume that you do not consent and will file a motion for confidential treatment in order to effectuate the same result as a gesture of goodwill in the nature of a meet and confer to resolve procedural issues. This is another overture on our part to meet and confer in order to seek a resolution of this procedural issue.

Additionally, moving forward please direct all communications to me regarding the Delaware matter.

Best regards,
Cheneise



**Cheneise V. Wright**
**Attorney**
Cheneise.Wright@lewisbrisbois.com

**T: 302.985.6007  F: 302.985.6001**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 **|** LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Case# 2021-01427-32 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

Patricia W. Griffin
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19

April 6, 2022

Francis G.X. Pileggi, Esquire
Cheneise V. Wright, Esquire
Louis Brisbois Bisgaard & Smith LLP
500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801

Brian E. O'Neill, Esquire
Elliott Greenleaf, P.C.
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801

Re:   *Rafael X. Zahralddin and Shelley A. Kinsella v. Elliott Greenleaf, P.C.*
      C.A. No. 2022-0294-PWG

Dear Counsel,

Following the docketing of the Notice of Removal to the U.S. District Court for the District of Delaware on March 31, 2022, this matter was closed by the Register in Chancery. On April 1, 2022, Plaintiffs moved to seal certain documents on this docket. Since the Notice of Removal divests this Court of jurisdiction over this matter, I question the authority to act on the Plaintiffs' motion unless the parties consent to the action requested in the motion.[1] Please advise how to proceed.

Sincerely,

*/s/ Patricia W. Griffin*

Master in Chancery

---

[1] *See* 28 U.S.C. § 1446(d) ("… the State court shall proceed no further …").

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**Elliott Greenleaf**

A Professional Corporation

1105 North Market Street, Suite 1700
Wilmington, Delaware 19801

Phone: (302) 384-9400 • Fax: (302) 384-9399
www.elliottgreenleaf.com

April 7, 2022

**VIA FILE & SERVE*XPRESS* AND FEDERAL EXPRESS**
Master Patricia W. Griffin
Court of Chancery of the State of Delaware
34 The Circle
Georgetown, DE 19947

> **Re:** **Rafael X. Zahralddin, *et al* v. Elliott Greenleaf, P.C.**
> **C.A. No. 2022-0294-PWG**

Dear Master Griffin,

I represent the Defendant in the above-captioned action. I write in response to your letter of April 6, 2022.

Defendant is unopposed to the relief requested in Plaintiffs' Motion for Confidential Treatment, although Defendant disagrees with the representations contained within Plaintiffs' Motion. Defendant respectfully submits that it is unable to consent to the Motion as it was filed after the Court of Chancery was divested of jurisdiction due to the Removal of the action to federal court.

Respectfully,

*/s/ Brian E. O'Neill*
Brian E. O'Neill (DE ID# 6315)

cc:   Francis G.X. Pileggi, Esq (via File & Serve*Xpress*)
      Cheneise V. Wright, Esq. (via File & Serve*Xpress*)

Words: 151

WILMINGTON      BLUE BELL      HARRISBURG      SCRANTON      WILKES-BARRE

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



# LUNDY BELDECOS & MILBY

BUSINESS • REAL ESTATE • TRUSTS & ESTATES

April 4, 2022

Mark Schwemler, Esq.
Frederick Santarelli, Esq.
Colin O'Boyle, Esq.
Kyle Elliott, Esq.
Elliott Greenleaf, P.C.
925 Harvest Drive
Suite 300
Blue Bell PA 19422

ERIC C. MILBY
EMILBY@LBMLAW.COM
PHONE: (610) 668-0773
FAX: (610) 675-2780

**Re:   Elliott Greenleaf, P.C. v. Rafael X. Zahralddin, *et. al.***

Dear Gentlemen:

Eric B. Smith and I have been retained to represent the defendants in the civil action pending in the Court of Common Pleas of Montgomery County, captioned Elliott Greenleaf, P.C. v. Rafael X. Zahralddin-Aravena, et al., Civil Action No. 2021-01427.  While we are still getting acquainted with the long history and facts of this matter, I am writing pursuant to paragraph 10 of the Stipulated Protective Order signed by you and former counsel Michael Hayes (the "Stipulation"), to challenge and attempt to amicably resolve your designation of the corporate bylaws of Elliott Greenleaf, P.C. (the "Bylaws") as "CONFIDENTIAL".

Paragraph 2 and 3 of the Stipulation provides that the producing party may only designate *portions* of any document confidential when the producing party, in good faith, "reasonably believes it not to be in the public domain **and** contains confidential, personal, proprietary, strategic, customer, personnel, or financial information.  You have designated the entirety of the Bylaws "confidential".  I write to ask that you agree to remove the designation of Confidentiality from the Bylaws for the reasons set forth below.  In the absence of agreement, I ask that you specifically identify what portions of the Bylaws you reasonably believe satisfy the standard for

---

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM., Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.



Elliot Greenleaf, P.C.
April 4, 2022
Page 2 of 3

Confidentiality under the Stipulation. As far as I can see, there is no personal information in the Bylaws. There is also no proprietary information in the Bylaws and there is no strategic, customer, personnel, or financial information in the Bylaws.

It appears that you have broadly designated most of the documents produced confidential in their entirety as opposed to portions thereof. It is inconsistent with the Stipulation to broadly mark most documents confidential because the Stipulation requires a producing party to "make a reasonable, good faith determination that the material contains non-public confidential, personal, proprietary strategic, customer, personnel, or financial information not generally known or disclosed to the public."

There is no apparent reason under the law or the narrowly-tailored Stipulation that a set of bylaws would be confidential. On the contrary, there is a presumption that Courts are open, and documents are subject to disclosure when you file a lawsuit.[1] The public policy against the designation of documents as confidential is particularly strong with regard to the Bylaws because the non-producing parties are Directors. Under the Pennsylvania Business Corporation Law ("BCL"), Defendants should have been provided copies of the Bylaws upon becoming directors, if not shareholders, so that they could carry out their duties. The Bylaws should not even be within the scope of Paragraph 1 relating to the exchange of information in litigation. Directors have broad informational rights under the BCL. See, e.g. 15 Pa.C.S.A. §1512. Directors, officers, and shareholders have the right to these documents under Title 15 and no bylaws or shareholders agreement can unreasonably limit such rights. Directors are absolutely entitled to any document necessary for the performance of the duties of the director. This includes not just the bylaws, but also corporate records related to the assets, liabilities, and operations of the corporation.

---

[1] The United States and Pennsylvania Constitutions grant the public and the press a presumptive right of access to civil proceedings. See U.S. Const. amend. I; Pa. Const. art. I, §11 ("All courts shall be open."); see also In re M.B., 819 A.2d 59 (Pa. Super. 2003) ("This constitutional provision has been referred to as a 'mandate' for open and public trials . . . and has been applied in both civil and criminal cases . . . .") (citations omitted). There is also "a qualified First Amendment right of access to certain judicial ... documents." Commonwealth v. Martinez, 917 A.2d 856, 860 (Pa. Super. 2007). Thus, in Pennsylvania, the First Amendment right of access extends to both judicial proceedings and documents. In Pennsylvania, the common law also grants the public and press a presumptive right of access to "public judicial documents." Commonwealth v. Fenstermaker, 530 A.2d 414, 418 (Pa. 1987); see also Commonwealth v. Curley, --- A.3d ---, 2018 Pa. Super. LEXIS 599, at *9 (June 4, 2018) (recognizing "the right of the public to inspect judicial records"). The common law presumption of openness requires courts to balance "the presumption of openness attached to a public judicial document" against the "circumstances warranting closure of the document to public inspection." Fenstermaker, 530 A.2d at 420.

---

450 N. Narberth Ave., Suite 200, Narberth, PA 19072 - (610) 668-0770
525 Route 73 North, Suite 410, Marlton, NJ 08053 - (856) 338-1300

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



Elliot Greenleaf, P.C.
April 4, 2022
Page 3 of 3

     Notably, nothing in Elliott Greenleaf's Bylaws themselves state that the Bylaws are confidential and there is no shareholder or other agreement that required the corporation's employees to treat the Bylaws as confidential.  If the parties truly believed that any information contained in the Bylaws was confidential, they would likely have designated it as such with a confidentiality clause within the document at the time the Bylaws were created.  It is only by Plaintiff's unilateral designation in a production of documents in litigation that the Bylaws are subject to any claim of confidentiality. As you know, a Plaintiff sacrifices some right of privacy upon the filing of a lawsuit.

     I would further suggest that Elliot Greenleaf has waived the right to demand confidentiality of those provisions that were recited in the Delaware Action Complaint when it removed the Delaware action to federal court and did not seal the Complaint containing a recitation of many of the Bylaw provisions that it complained about in the Motion for Contempt.

     Accordingly, I am writing to request that you agree to strike the designation of the Bylaws as "confidential" so as to avoid burdening the Court with this issue. I look forward to your response.  In light of your Motion for Contempt, I would ask that you respond promptly.

     Thank you for your kind attention to this matter.

                  Respectfully submitted,

                  ERIC C. MILBY

cc:    Eric B. Smith, Esq.

---

450 N. Narberth Ave., Suite 200, Narberth, PA 19072 - (610) 668-0770
525 Route 73 North, Suite 410, Marlton, NJ 08053 - (856) 338-1300

Case# 2021-01427-58 Docketed at Montgomery County Prothonotary on 04/02/2022 6:26 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| ELLIOTT GREENLEAF, P.C., | :    IN THE COURT OF COMMON PLEAS |
|                   **Plaintiff,** | :    OF MONTGOMERY COUNTY, |
| **v.** | :    PENNSYLVANIA |
| | : |
| RAFAEL X. ZAHRALDDIN-ARAVENA, | : |
| SHELLEY A. KINSELLA, | :    Civil Action No. 2021-01427 |
| ERIC M. SUTTY, | : |
| JONATHAN M. STEMERMAN, AND | : |
| MARYANN MILLIS, | : |
| | : |
|                  **Defendants.** | : |

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants (collectively the "Parties" and each a "Party"), by their respective counsel, and intending to be legally bound, stipulate to the entry of this Stipulated Protective Order ("Order") to prevent unnecessary disclosure or dissemination of confidential, personal, proprietary, and/or commercially sensitive information. Therefore, the production and use of Confidential Information in this matter will proceed in accordance with the following:

1. This Order shall govern the production and exchange of all documents, testimony, witness statements, interrogatories and any other information, in whatever form or medium, produced, given or exchanged by and among the Parties (and such non-parties as permitted herein) (hereinafter, collectively, "Discovery Material").

2. The Parties may designate as "CONFIDENTIAL" those portions of any document, testimony, interrogatory response, information or material produced by a Party or a non-party constituting Confidential Information. Confidential Information includes but is not limited to any Discovery Material which the producing party (or a producing non-party) reasonably believes not to be in the public domain and contains any confidential, personal, proprietary, strategic,

Case# 2021-01427-44 Docketed at Montgomery County Prothonotary on 08/02/2022 4:28 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

customer, personnel, or financial information. Confidential Information does not include any information that is generally known or disclosed to the public.

3. Prior to designating any material or information as CONFIDENTIAL, the Party seeking the designation must make a reasonable, good faith determination that the material contains non-public confidential, personal, proprietary strategic, customer, personnel, or financial information not generally known or disclosed to the public.

4. The burden of proving that those portions of documents, things and information designated as CONFIDENTIAL contain Confidential Information which the disclosing Party or non-party would normally not reveal to third-parties or would cause third-parties to maintain in confidence is on the Party producing the documents, things and information designated as CONFIDENTIAL.

5. Any information within the definition of Confidential Information in Paragraph 2 above, may be designated as such in the following manner:

    a. In the case of a writing, by stamping the word 'CONFIDENTIAL" on the face of the pages of the document so designated, or if impracticable or unduly burdensome, by indicating in a separate notice appended to the documents or sent to opposing counsel explicit designation that the documents are deemed 'CONFIDENTIAL" and identifying the documents by page, index or number;

    b. In the case of deposition testimony, or any portion thereof, by advising the court reporter and counsel of such designation during the course of the deposition or within thirty (30) days after receiving the transcript; and

    c. In the case of specific responses to interrogatories or to any specific request for admission, by labeling the specific response 'CONFIDENTIAL".

- 2 -

Case# 2021-01427-48 Docketed at Montgomery County Prothonotary on 04/02/2022 4:18 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

6.   Confidential Information shall be used solely for purposes of this litigation and for no other purpose, and under no circumstances other than those specifically provided for in this Order.

7.   A Party shall not disclose any part of such Confidential Information or permit the same to be disclosed to persons other than the following, and in conformity with and subject to applicable restrictions in this Order:

    a.   Parties to the litigation and their officers and employees who are assisting counsel in the prosecution or defense of this case; and

    b.   The Court, special masters, mediators and/or other persons appointed by the Court (at any trial or oral hearing and in the manner provided infra);

    c.   Outside counsel to the parties in this action and the paralegal, clerical and secretarial staff employed by such counsel and working under the direct supervision of such counsel;

    d.   Consultants, experts or support service personnel, including outside copying service personnel, retained by a party for the purpose of assisting that party in this action, provided that they are not presently, and have no present plans to become, an employee or consultant (except herein) of any other party to this action;

    e.   All attorneys of record for the parties, paralegals, legal assistants and other legal staff for each of the parties;

    f.   Any other person that the parties agree in writing prior to disclosure;

    g.   Any person who is identified as an author, editor, or recipient of the document;

    h.   Court reporters and videographers who record deposition or other testimony; and

    i.   Witnesses at depositions or trial.

8.   Before Confidential Information is provided to any person pursuant to Paragraph 7(d) above, counsel for the disclosing party, as appropriate, shall apprise that person of the confidential and proprietary nature of the Information, and provide the recipient with a copy of

- 3 -

Case# 2021-01427-40 Docketed at Montgomery County Prothonotary on 08/02/2022 6:28 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

this Agreement.  That person shall agree in writing to be bound by the terms of this Order before being furnished with any Confidential Information, by executing an agreement which states the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive Confidential Information.  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order of [date entered] in this action.  I have been given a copy of and have read this Stipulated Protective Order and agree to be bound by its terms."

9.     "CONFIDENTIAL" designations within documents shall be narrowly tailored to only those pages and portions that contain Confidential Information.

10.     An opposing Party may challenge a producing Party's designation of information as "CONFIDENTIAL" by written notice to counsel.  The parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court.  Counsel for the Party challenging such designation shall have thirty (30) days after serving such notice to apply to the Court for an order lifting the "CONFIDENTIAL" designation.  Unless or until such an order is granted, the information shall continue to be treated as "CONFIDENTIAL" by all Parties and their counsel.

11.     Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not operate as an admission by any party that any particular Discovery Material contains or reflects Confidential Information.

12.     Except as otherwise provided in this Order, all Confidential Information produced in discovery and/or developed in this matter shall remain in the possession of counsel for the Parties or experts retained by such Party until the litigation ends.

13.     In the event that any Confidential Information is used in any Court proceeding herein, including depositions, the information shall not lose its confidential status through such

Case# 2021-01427-92 Docketed at Montgomery County Prothonotary on 04/02/2023 4:28 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

use, and the Parties shall take all steps reasonably required to protect the confidentiality of the information during such use.

14.     Any protected information designated under this Stipulated Protective Order as 'CONFIDENTIAL' which is filed with the Court for any purpose, including any filed paper or document which describes, quotes from, or attaches all or any portion of such information, shall be filed under seal consistent with the Court's rules and procedures.   If practicable, Confidential Information shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.

15.     The parties shall confer and attempt to agree, before the trial, on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial.   Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information upon proffer or use of such Document.

16.     Inadvertent disclosure of or inadvertent failure to designate materials as 'CONFIDENTIAL' will not act as a waiver of confidentiality for that material or any other material designated as 'CONFIDENTIAL'.

17.     Within 30 days after the final termination of this litigation, the Party who received Confidential Information shall either destroy or return to the producing Party's counsel all copies, summaries and abstracts of such Confidential Information, including all copies furnished by the receiving Party to any third party engaged by that Party or its counsel to assist in the litigation; provided, however, that any Confidential Information incorporated into each Party's filings and work product, and any and all Information required by the Pennsylvania Rules of Professional Responsibility to be retained by each Party, may be retained in the Party's files.   If the receiving Party elects to destroy the materials, it shall provide to counsel for the producing

Party a certificate of destruction.  In the event the litigation is terminated by way of a settlement agreement, judgment or consent decree requiring future performance, the litigation shall not be deemed terminated for purposes of this paragraph until such future performance has been satisfactorily completed, it being understood and agreed that the Parties may utilize Confidential Information to enforce compliance with a final settlement, judgment or consent decree.

18.    The obligations of this Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

19.    The Parties to this Order understand that the Court may, sua sponte, alter the terms and conditions contained herein.  The Parties further agree to be bound by the terms of this Order as soon as all Parties execute it and will continue to be bound by its terms forever whether or not the Court approves it, except to the extent it is inconsistent with any Court Order that specifically addresses and regulated confidentiality restrictions.

20.    Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any other party of documents or information that is part of any public record or otherwise in the public domain, nor does this Order affect the rights of any Party to use or object to the admissibility, authenticity or relevance of any material marked 'CONFIDENTIAL' pursuant to the applicable statutes, case law, and orders of the Court.

21.    Nothing in this Order shall be construed as preventing a party from requesting the Court to apply some or all of the terms of this Stipulation and Order to the trial phase of this case.  Nothing in this Order shall be construed as a waiver by any party of their right to object to the subject matter of any further discovery requests made in any action.  The execution of this Stipulated Protective Order shall not be construed as an agreement by any party to produce any

- 6 -

other documents or supply any other information, and shall not constitute an admission that the information is relevant in any way to the issues raised in this or any action.

22.    Any dispute arising under this Stipulation and Order shall be submitted to the Court for resolution.

23.    The undersigned counsel represent that they have conferred with their clients with regard to this Stipulated Protective Order, that their clients agree to its terms, and that they have authorized their respective counsel to sign this document on their behalf.

ELLIOTT GREENLEAF, P.C.                    HORN WILLIAMS LLC

/s/ Mark J. Schemler                       /s/ Michael Hayes
Mark J. Schwemler, Esquire                 Michael Hayes, Esquire
925 Harvest Drive, Suite 300               Two Penn Center
Blue Bell, PA  19422                       1500 JFK Blvd., Suite 1700
                                           Philadelphia, PA 19102

Attorneys for Plaintiff                    Attorneys for Defendants

- 7 -

Case# 2021-01427-48 Docketed at Montgomery County Prothonotary on 04/02/2022 4:28 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-01427-40 Docketed at Montgomery County Prothonotary on 08/02/2022 6:28 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **ELLIOTT GREENLEAF, P.C.,** | : **IN THE COURT OF COMMON PLEAS** |
| | : **OF MONTGOMERY COUNTY,** |
| **Plaintiff,** | : **PENNSYLVANIA** |
| **v.** | : |
| | : |
| **RAFAEL X. ZAHRALDDIN-ARAVENA,** | : |
| **SHELLEY A. KINSELLA,** | : **Civil Action No. 2021-01427** |
| **ERIC M. SUTTY,** | : |
| **JONATHAN M. STEMERMAN, AND** | : |
| **MARYANN MILLIS,** | : |
| | : |
| **Defendants.** | : |

And now, this _____ day of _____, 2021, the above Stipulated Protective Order is hereby APPROVED and entered as an Order of Court.   It is further ordered that the Parties are permitted to submit filings that contain information or documents designated as 'CONFIDENTIAL," pursuant to the above Stipulated Protective Order, under seal.   Unsealed and unredacted papers shall be provided separately to the Prothonotary, in sealed envelopes so marked, with a copy of this Order attached to the outside of the envelope. The Prothonotary shall forward said unsealed or unredacted copies, along with the sealed or redacted copies, to the assigned Judge for the particular motion or matter.

BY THE COURT:

_____
                                                                                          J.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA

ELLIOTT GREENLEAF, P.C.,                           :
                                                   :
     Plaintiff,                                   :
                                                   :
         v.                                   : Case No. 2021-01427
                                                   :
RAFAEL X. ZAHRALDDIN-ARAVENA,    :
et al.,                                            :
                                                   :
     Defendants.                                  :

### AFFIDAVIT OF FRANCIS G.X. PILEGGI, ESQUIRE
### IN SUPPORT OF RE-DESIGNATION OF BYLAWS AS NOT CONFIDENTIAL
### AND IN OPPOSITION TO PLAINTIFF'S MOTION

I, Francis G.X. Pileggi, Esquire, being duly sworn, do hereby depose and say:

1.    I am the managing partner of the Delaware office of the law firm Lewis Brisbois Bisgaard & Smith, LLP.

2.    I am not counsel of record for any party in this Montgomery County action.

3.    I represent Rafael Zahralddin and Shelley Kinsella in an action seeking advancement rights in the Delaware Court of Chancery in the matter styled: *Zahralddin v. Elliott Greenleaf, P.C.*, Del. Ch., C.A. No. 2022-0294-PWG, filed on March 29, 2022 ("Advancement Case").

4.    It was not until the day after the Advancement Case was filed, on March 30, 2022, when the Defendant in the Advancement Case, Elliott Greenleaf, P.C. ("E.G."), filed a Notice of Removal in the U.S. District Court for the District of Delaware, that I became aware that there was a Confidentiality Order or Stipulated Protective Order that purported to cover the Bylaws on which the advancement arguments are based, when E.G. referenced it in a footnote in their Notice of Removal.

Case# 2021-01427-82 Docketed at Montgomery County Prothonotary on 04/07/2022 6:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5.      On the day the Advancement Case was filed, I emailed counsel for E.G. to ask if he would accept service of the Complaint, but he never replied to my email.

6.      I have been practicing in the Delaware Court of Chancery for over 30 years, and I have handled many advancement cases, but never do I recall Bylaws, on which most advancement cases are based, ever being considered or treated as confidential.

7.      E.G.'s counsel never contacted me to discuss the most efficient way to address the issue that was raised for the first time in their Notice of Removal, in a footnote.

8.      I contacted counsel for E.G. by phone and by email to discuss the most professional and expeditious way to resolve this issue, at least until a ruling could be obtained on the confidentiality designation.

9.      *Pro se* counsel for Plaintiff refused to discuss any potential solution.

10.     I then proposed a Stipulation to treat the advancement complaint filed in the Court of Chancery as a confidential document, at least until a  ruling on the designation could be obtained, but was told by E.G.'s counsel that he could not give us an answer to that proposal until the following week.

11.     Thereafter, we expeditiously filed a motion to ask the Court of Chancery to treat the advancement complaint as confidential until such time as the issue about the proper designation of the Bylaws as confidential or not, was resolved.

12.     Arguably, E.G. has waived its argument about the confidentiality of the Bylaws because when it filed its Notice of Removal in the U.S. District Court for the District of Delaware, it also filed publicly, with no confidential treatment, the same complaint filed in Chancery with extensive quotations from E.G.'s Bylaws--that E.G. now protests so loudly was filed publicly allegedly in error in Chancery.

4861-0103-4011.1

2

Case# 2021-01427-B2 Docketed at Montgomery County Prothonotary on 04/07/2022 8:16 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13.   E.G. then filed a copy of the Notice of Removal in the Court of Chancery with a copy of the same Complaint attached--publicly without any effort to seal it.

14.   As of this writing, E.G. has not taken any action to treat confidentially the publicly filed complaint that it filed publicly twice with extensive quotations of the Bylaws in: (i) the U.S. District Court for the District of Delaware; and (ii) with the copy of the Notice of Removal that E.G. also publicly filed in the Court of Chancery.

Francis G.X. Pileggi

Sworn to before me and subscribed in my presence on this 7th day of April, 2022.

Mary Anna Rutkowski
Notary Public

My Commission Expires: May 30, 2023

MARY ANNA RUTKOWSKI
My Commission Expires
May 30, 2023

4861-0103-4011.1

3