## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAFAEL X. ZAHRALDDIN                    :
And SHELLEY A. KINSELLA,                :
                                        :          C.A. No. 22-cv-00412-CFC
                   Plaintiffs,          :
                                        :
         v.                             :
                                        :
Elliott Greenleaf, P.C.,                :
                                        :
                   Defendant.           :

## PLAINTIFFS' MOTION FOR REMAND TO DELAWARE COURT OF CHANCERY, AND FOR FEES UNDER 28 U.S.C. § 1447(c)

Plaintiffs Rafael Zahralddin and Shelley Kinsella ("Plaintiffs" or "Rafael and Shelley") hereby move this Court for an order remanding this case to the Delaware Court of Chancery, and for related costs and fees under 28 U.S.C § 1447(c) based on the following facts and law:

### NATURE AND STAGE OF THE PROCEEDINGS

Rafael and Shelley filed a Complaint ("Complaint") in the Delaware Court of Chancery on March 29, 2022, to enforce their right to advancement of legal fees, costs, and expenses ("Advancement Action") based on the Bylaws (the "Bylaws") of Defendant Elliott Greenleaf, P.C., (the "Elliott Firm").

The Elliot Firm removed the Advancement Action on March 30, 2022, to this Court after the Court of Chancery had already contacted the parties for expedited

scheduling. This removal was not designed to reach a speedy resolution on the merits of the advancement claims.[1]

The Elliott Firm previously commenced a lawsuit styled *Elliott Greenleaf, P.C. v. Rafael X. Zahralddin-Aravena, et al,* in Montgomery County, Pennsylvania, Civil Action No. 2021-01427 (the "PA Action") on February 5, 2021. Rafael and Shelley are Delaware lawyers, as well as husband and wife, who helped the Elliott Firm establish its Delaware office for many years. When they left the Elliott Firm in late December 2020, the Elliott Firm retaliated by using scorched earth, Rambo-like tactics, suing Rafael and Shelley – as well as their paralegal and others – in the PA Action.

## STATEMENT OF FACTS

The Elliott Firm is a law firm with several offices, including in the State of Delaware.

At all times relevant to the Complaint, Rafael and Shelley served as either officers, directors, or shareholders of the Elliott Firm, thereby entitling them to statutorily mandated information such as the Bylaws pursuant to the Pennsylvania Business Corporation Law. *See, e.g.,* 15 Pa.C.S. §1512 *et seq.*

---

[1] Advancement cases are routinely expedited in the Court of Chancery. *Kaung v. Cole Nat'l Corp.*, 884 A.2d 500, 509 (Del. 2005) ("An advancement action is a summary proceeding.")

On January 11, 2022, Rafael and Shelley reminded the Elliott Firm of its mandatory advancement obligations ("January 11, 2022 Letter"), attached as Exhibit "A".

On March 25, 2022, Rafael and Shelly sent a demand for advancement for the unpaid fees incurred in the PA Action in the total amount of $48,722.50 ("Demand Amount"),[2] with a copy of a bill dated March 7, 2022 ("Bill") for the fees demanded in connection with the PA Action ("March 25, 2022 Letter"), collectively attached as Exhibit "B". To date, the Demand Amount remains unpaid.  On March 28, 2022, the Elliott Firm refused the request to pay the Demand Amount of $48,722.50. *See* Exhibit "C" attached hereto.

On April 19, 2022, the Elliott Firm filed in this Court a Motion to Dismiss (D.I. 3).  Plaintiffs will address the many factual errors in that motion in a separate filing.

On April 27, 2022, Rafael and Shelley filed the *Plaintiffs' Emergency Motion to Stay and to Extend Deadlines to: (I) Respond to Motion to Dismiss Litigation; (II) Object to Removal; and (III) to Allow Separate Briefing to Challenge Jurisdiction*

---

[2] Although the January 11, 2022 Letter noted that "redacted billing sheets and summaries to support the fees are forthcoming and total approximately $152,000 in legal fees and $14,100 in expenses," after an examination of the fees and expenses in the PA Action, Rafael and Shelley revised the Demand Amount downward, to less than $50,000, as set forth in the subsequent March 25, 2022 Letter, which included the Bill for less fees and expenses demanded *at that time*.

*Pursuant to Federal Rule of Civil Procedure 12(b)(6)* ("Emergency Motion").

The instant Motion seeks to remand the Advancement Action from this Court back to the Court of Chancery – and is being filed before a ruling on the Emergency Motion in order to ensure the remand request is timely filed before the expiration of the deadline to do so.

## ARGUMENT

### A.   Basis for Remand

For federal jurisdiction based on diversity to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The threshold jurisdictional amount for diversity cases as set forth in 28 U.S.C. § 1332(a) applies to removed cases as well. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

28 U.S.C. § 1447(c) provides that a case "shall" be remanded whenever, up to the time when final judgment is entered, it appears that the district court lacks subject-matter jurisdiction.  It is well-established that the removal statute (28 U.S.C. § 1441) is to be strictly construed against removal. *See, e.g., Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (remanding for a determination of subject-matter jurisdiction).

Federal courts in the Third Circuit have repeatedly stated that all doubts must be resolved in favor of remand. *Id.* at 403; *see also The Bachman Co. v. MacDonald*,

173 F. Supp. 2d 318, 322, 328 (E.D. Pa. 2001) (granting motion to remand based on lack of subject-matter jurisdiction where removing defendant failed to prove sufficient amount in controversy); *Wilbur v. H&R Block, Inc*., 170 F. Supp. 2d 480, 481-82 (M.D. Pa. 2000) (explaining that a plaintiffs right to choose the forum bears greater weight than a defendant's right to remove and that a "plaintiff is still the master of his own claim").

The removing defendant bears the burden of proving that federal subject-matter jurisdiction exists, and thereby, that removal was appropriate.   *See, e.g., Samuel-Bassett*, 357 F.3d at 396 ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.); *The Bachman Co*., 173 F. Supp. 2d at 322.  If there are any factual disputes about the amount in controversy, the removing party must prove his allegations of jurisdiction by a preponderance of the evidence.  *See Samuel-Bassett*, 357 F.3d at 397-98.  Once findings of fact have been made (or if there were never disputed issues), a court must determine whether it appears to a legal certainty that the plaintiff cannot recover the threshold jurisdictional amount.  *Id*. The Third Circuit has instructed that estimates of the amount a plaintiff may recover "must be realistic." *Id.* at 403.  "The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id*.

A determination of the amount in controversy should begin with a review of the complaint. *See id.* at 398. However, if the complaint does not state a demand for a precise monetary amount, the court must independently assess the claims to determine a reasonable value at issue. *See The Bachman Co.*, 173 F. Supp. 2d at 323 (explaining that the court may consider the "Notice of Removal, stipulations and discovery evidence such as depositions, affidavits, and other documentation that is relevant to the value of the claims at issue.").

The sum claimed by the plaintiff controls if the claim is apparently made in good faith, and it appears to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount. *Auto-Owners Insurance Co. v. Stevens & Ricci Inc.*, 835 F. 3d 388, 395 (3d Cir. 2016) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.,* 58 S. Ct. 586 (1938)). "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id. (*quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

In making that assessment "[t]he temporal focus of the court's evaluation … is on the *time the complaint was filed*." *Id.* (emphasis added)*; see also Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 152 (3d Cir. 2009) ("[U]nder a long-standing rule, federal *diversity jurisdiction is generally determined based on the*

*circumstances prevailing at the time the suit was filed*.") (internal citation omitted) (emphasis added).

Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction, *nor can later events increase the amount in controversy* and give rise to jurisdiction that did not properly exist at the time of the complaint's filing. *Auto-Owners Insurance Co.*, 835 F. 3d at 395-96. Similarly, "speculation that a claim may, at some point, exceed the requisite amount is insufficient to confer jurisdiction. *Id.*

The Third Circuit has admonished that in the event there is ambiguity or doubt, "in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d 392 (3d Cir. 2004).

Although the Complaint in this case does not request a sum certain, only a few days before the Complaint was filed, as evidenced by the March 25, 2022 Letter, the Elliott Firm was fully aware that the only amounts which were being sought at the time of the filing of the Complaint on March 29, 2022 was the total amount of $48,722.50. *See* Declaration of Rafael X. Zahralddin filed concurrently with this motion.

Accordingly, because the Demand Amount sought at the time the Complaint was filed, $48,722.50, is less than the diversity threshold amount of $75,000, this

Court indeed lacks subject matter jurisdiction, and it must remand to the state court from which the action was removed.  *See* 28 U.S.C. § 1447(c).

## B.   <u>Request for Fees</u>

28 U.S.C. § 1447(c) states that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." On this issue, the Supreme Court of the United States has held that absent unusual circumstances, courts may award attorney's fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).  District courts have discretion to determine if "unusual circumstances" exist such that an award of fees is appropriate even if a removing defendant had an objectively reasonable basis for seeking removal.  *Id.*

In light of the foregoing, Rafael and Shelley should be awarded costs and expenses, including attorneys' fees, pursuant to Section 1447(c) because the Elliott Firm did not have an objectively reasonable basis for removing this action.  When the Elliot Firm filed the Notice of Removal on March 30, 2022, it knew that only $48,722.50 was demanded for advancement in this case.

Therefore, the Elliott Firm lacked an objectively reasonable basis for seeking removal of this action.  Accordingly, this Court should award Rafael and

Shelley the costs and expenses, including attorney's fees, that they incurred in connection with the removal of this action and this motion for remand.

## <u>CONCLUSION</u>

Based on the above-cited authorities and reasoning, Rafael and Shelley respectfully request that this Court remand the action to the Delaware Court of Chancery, assess expenses (including attorneys' fees) and costs in their favor and against the Elliott Firm, and award such other relief as may be just and proper.

LEWIS BRISBOIS
BISGAARD & SMITH LLP

*/s/ Francis G.X. Pileggi*
Francis G.X. Pileggi        (No. 2624)
Cheneise V. Wright        (No. 6597)
500 Delaware Avenue, Suite 700
Wilmington, DE  19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com
Cheneise.Wright@LewisBrisbois.com

*Counsel for Plaintiffs Rafael X. Zahralddin and Shelley A Kinsella*

Dated:  April 28, 2022

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to District of Delaware Local Rule 7.1.1, counsel certifies that the parties have attempted to confer regarding the subject of the foregoing motion; however, despite reasonable effort, the parties have not been able to reach an agreement.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that on April 28, 2022, the foregoing Plaintiffs' Motion for Remand Action to Delaware Court of Chancery and for Fees under 28 U.S.C. §1447(c) complies with the word count limitation and type and font limitations set forth in the Standing Order Regarding Briefing in All Cases.  The foregoing motion includes 1,821 words.

LEWIS BRISBOIS
   BISGAARD & SMITH LLP

 /s/ Francis G.X. Pileggi
Francis G.X. Pileggi      (No. 2624)
Cheneise V. Wright      (No. 6597)
500 Delaware Avenue, Suite 700
Wilmington, DE  19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com
Cheneise.Wright@LewisBrisbois.com

*Counsel for Plaintiffs Rafael X. Zahralddin and Shelley A. Kinsella*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAFAEL X. ZAHRALDDIN | : | |
| And SHELLEY A. KINSELLA | : | |
| | : | C.A. No. 22-cv-00412-CFC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Elliott Greenleaf, P.C. | : | |
| | : | |
| Defendant. | : | |

## [PROPOSED] ORDER FOR REMAND AND ATTORNEYS FEES AND COSTS UNDER 28 U.S.C. §1447(C)

AND NOW, this _____ day of April 2022, after considering *Plaintiffs' Motion For Remand Action to Delaware Court of Chancery and For Fees Under 28 U.S.C. §1447(C)* ("Plaintiffs' Motion"), and any response thereto,

IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED and fees and costs will be awarded to the Plaintiffs.


_____
Chief Judge Colm F. Connolly