# EXHIBIT B



500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
Francis.Pileggi@lewisbrisbois.com
Direct: 302.985.6002

March 25, 2022

*Via Email and FedEx*

Mark Schwemler, Esquire
Elliott Greenleaf, P.C.
Suite 300
925 Harvest Drive
Blue Bell, PA  19422

Re:  Rafael X. Zahralddin and Shelley A. Kinsella--Demand for Advancement of Fees

Dear Mark:

I write on behalf of Rafael X. Zahralddin and Shelley A. Kinsella as a follow-up to the letter they sent to you dated January 11, 2022 ("Demand Letter"), with a detailed basis for demanding advancement for fees incurred by Mr. Zahralddin and Ms. Kinsella in connection with the pending proceeding styled *Elliott Greenleaf, P.C. v. Zahralddin, et al.*, that your firm filed against them ("Action").

Attached is a bill dated March 7, 2022, for fees incurred in connection with the Action. Based on the reasons explained in the Demand Letter, we are demanding prompt payment of the fees described on the attached bill from the attorney handling the defense of the Action.

My understanding is that neither you nor anyone on your behalf replied to the Demand Letter demanding advancement in connection with the Action.

If we do not receive written confirmation from you by the close of business on Monday, March 28, 2022, that: your firm acknowledges its advancement obligation as described in the Demand Letter, and that it will promptly advance the fees described on the attached bill, then without further notice we reserve the right to seek a judicial recognition of the advancement rights described in the Demand Letter.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA • OHIO
OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
4878-0581-0200.1

I look forward to hearing from you.  Feel free to call if you have questions.

Sincerely,

Francis G.X. Pileggi
LEWIS BRISBOIS BISGAARD & SMITH LLP

FGXP/mar

Enclosures (2)

cc: Rafael X. Zahralddin, Esquire (w/enclosure)
 Shelley A. Kinsella, Esquire (w/enclosure)



March 7, 2022

Invoice No. 21574
File No. 2456-001

**Re: Elliott Greenleaf**
Rafael Zahralddin-Aravena
Shelley Kinsella
Eric Sutty
Jonathan Sterman
Maryann Millis

FOR PROFESSIONAL SERVICES RENDERED THROUGH JANUARY 2022:

| | |
|---|---|
| LEGAL FEES REMAINING BALANCE DEC. 2021: | $ 15,592.15 |
| LEGAL FEES FOR JANAURY 2022: | $ 39,619.00 |
| 20% COURTESY DISCOUNT JANUARY FEES: | $ (7,923.80) |
| CYBIR INVOICE (CYBIR-3469): | $ 1,541.05 |
| COST FEES: | $ (105.90) |
| **TOTAL LEGAL AND COST FEES:** | **$ 48,722.50** |

Thank you for your payment. Please include your Invoice # on your payment. For your convenience, you may pay at the secure link below.

https://secure.lawpay.com/pages/horn-williamson-llc/operating2

**Horn Williamson, LLC**
*Attorneys at Law*
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
tel 215-987-3800
www.hornwilliamson.com

Rafael X. Zahralddin
Shelley A. Kinsella
601 Old Kennett Road
Wilmington, DE 19807

January 11, 2022

**Via Email and Overnight Delivery**
Elliott Greenleaf, P.C.
Mark Schwemler
General Counsel
925 Harvest Drive
Suite 300
Blue Bell, PA 19422

      **RE: Demand for Indemnification and Advancement**

Dear Mr. Schwemler,

      I am writing to demand that Elliott Greenleaf, P.C. ("Indemnitor") advance the expenses, including attorney's fees and disbursements, actually and reasonably incurred by Rafael X. Zahralddin and Shelley A. Kinsella ("Indemnitees") as required by Article VII of Indemnitor's Bylaws as amended on November 27, 2018 ("Bylaws"). The expenses have been and continue to be incurred defending the action filed against the Indemnitees, styled as <u>Elliott Greenleaf, P.C. v . Zahralddin-Aravena, et al.</u>, Montgomery County, CCP No. 2021-01427 ("Action"). The claims articulated in the Action are based on the status of both Indemnitees as "members of the Firm Board of Directors" of Indemnitor and are therefore eligible for Advancement and Indemnification. The relevant provisions of the Bylaws are provided below.

      **Indemnification:** The Indemnitees are entitled to indemnification under Article VII, Section 1 of the Bylaws:

> The Corporation **shall** indemnify any **director**, officer, employee, or agent of the Corporation …in connection with any threatened, pending or completed action, suit, appeal or other proceeding of any nature, whether civil, criminal, administrative or investigative, whether formal or informal, and **whether brought by or in the right of the Corporation**, its shareholders or otherwise by **reason of the fact that such person was or is a Director** or officer **of the Corporation** … including without limitation, indemnification against expenses (including attorneys fees and disbursements), damages, punitive damages, judgments, penalties, fines and amount paid in settlement actually and reasonably incurred by such person in connection with such proceeding unless the act or failure to act giving rise to the claim is finally determined by a court to have committed willful misconduct or recklessness by such person. . . . (Emphasis Added).

      **Advancement:** The Indemnitees are entitled to advancement of legal fees, under Article VII, Section 2 of the Bylaws:

1 of 6 pages

The Corporation **shall** pay the expenses (including attorney's fees and disbursements) actually and reasonably incurred in defending a civil or criminal action, suit or proceedings on behalf of any person entitled to indemnification under Section 1 above **in advance of the final disposition of such action, suit, or proceeding** upon receipt of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that such a person is not entitled to be indemnified by the Corporation as authorized in this Article...." (Emphasis Added).

The Indemnitees are also entitled to statutory protections for advancement and indemnity under Title 15 of the Pennsylvania Business Corporation Law. Even if an Indemnitee is ultimately held liable to the company, the Court could still order indemnification of the Indemnitee if the Court finds that "despite the adjudication of liability [against the officer or director] but in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for the expenses that the court of common pleas or other court deems proper." 15 Pa.C.S.A. Section 1741, et seq.

Attached as **Exhibits A** and **B** you will find the required signed undertakings.

Advancement is due upon receipt of the undertaking, and payments can be sent to Michael Hayes, c/o Horn Williamson, for our legal fees and any expenses such as our e-discovery providers. Redacted billing sheets and summaries to support the fees are forthcoming and total approximately $152,000 in legal fees and $14,100 in expenses (related to filing and e-discovery). If we do not receive notice that the funds have been wired or a check has been sent within two business days of receipt of the invoices, or you do not request a reasonable accommodation, in order to make payment, we will then take action to seek not only advancement but also fees upon fees incurred in the action brought to enforce our rights.

Thank you for your prompt attention to this matter.

Sincerely,

/s/Rafael Zahralddin

Rafael X. Zahralddin

Sincerely,

/s/Shelley Kinsella

Shelley A. Kinsella

Cc: Jack Elliott, Fred Santarelli

# EXHIBIT A

**Undertaking Regarding Indemnification and Advancement of Expenses**

This Undertaking is being executed in conjunction with the Indemnification and Advancement Demand sent to Elliott Greenleaf, P.C. ("EG") contemporaneously herewith. Pursuant to Article VII of the By-laws of Elliott Greenleaf, P.C., amended as of November 27, 2018 (the "Bylaws"), and/or any applicable provision of EG's Certificate of Incorporation, the undersigned hereby agrees to repay the expenses (as that term is used in Article VII, Section 2 of the Bylaws) advanced by EG to the undersigned if it is ultimately determined that I am not entitled to be indemnified by EG. Absent such determination, the undersigned Indemnity will not repay any expenses advanced to him or her pursuant to the Bylaws, EG's Certificate of Incorporation and/or any source of indemnification.

*Rafael Zdvl* (signature)                                1/10/2022

_____          _____
                                                                        Date

# Exhibit B

## Undertaking

This Undertaking is being executed in conjunction with the Indemnification and Advancement Demand sent to Elliott Greenleaf, P.C. ("EG") contemporaneously herewith. Pursuant to Article VII of the By-laws of Elliott Greenleaf, P.C., amended as of November 27, 2018 (the "Bylaws"), and/or any applicable provision of EG's Certificate of Incorporation, the undersigned hereby agrees to repay the expenses (as that term is used in Article VII, Section 2 of the Bylaws) advanced by EG to the undersigned if it is ultimately determined that I am not entitled to be indemnified by EG. Absent such determination, the undersigned Indemnity will not repay any expenses advanced to him or her pursuant to the Bylaws, EG's Certificate of Incorporation and/or any source of indemnification.

| | |
|---|---|
| /s/Shelley Kinsella | 1/10/2022 |
| _____ | _____ |
| | Date |