## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAFAEL X. ZAHRALDDIN and SHELLEY A. KINSELLA, | : : : | C.A. No. 22-cv-00412-CFC |
| Plaintiffs, | : : | |
| v. | : : | |
| ELLIOTT GREENLEAF, P.C., | : : | |
| Defendant. | : | |

## **DECLARATION OF RAFAEL X. ZAHRALDDIN**

COMES NOW, Rafael X. Zahralddin, ("Affiant," or "Plaintiff") of lawful age, being first duly sworn on Affiant's oath, states as follows:

1.      Affiant has personal knowledge of the matters set forth herein and knowledge of the complaint filed in the above captioned matter ("Complaint"), having reviewed, authorized, and instructed counsel to file the Complaint.

2.      Elliott Greenleaf, P.C. ("Defendant") has brought a lawsuit styled *Elliott Greenleaf, P.C. v. Rafael X. Zahralddin-Aravena, et al,* in Montgomery County, Pennsylvania, Civil Action No. 2021-01427 ("Pennsylvania State Court Litigation") on February 5, 2021.  The lawsuit alleges duty of loyalty violations, aiding and abetting fiduciary duty violations, conversion of property, and an accounting.

3.     At all times relevant to the Complaint the Plaintiffs served as either officers, directors, shareholders, or agents of the Defendant and were entitled (among other things) to statutorily mandated information in order to execute their duties including but not limited to copies of corporate governance documents, including Defendant's bylaws ("Bylaws"), and financial information pursuant to the Pennsylvania Business Corporation Law. *See, e.g*., 15 Pa.C.S. §§1512 *et seq*. and 1712.

4.     Defendant refused to provide this information to Plaintiffs for over a decade.  Defendant refused to provide it in the Pennsylvania State Court Litigation until ordered to by the Court as discovery relevant to jurisdictional issues in question during the preliminary objections stage of the Pennsylvania State Court Litigation.

5.     Upon review of the Bylaws, Plaintiffs consulted and interviewed counsel to assist them regarding their rights under the Bylaws.   Plaintiffs subsequently sent a request to Defendant on January 11, 2021, to preserve their rights of mandatory advancement and provide the "undertakings" required by the Bylaws.  *See* Exhibit "A" to the *Plaintiffs' Motion to Remand Action to Delaware Chancery Court and for Fees Under 28 U.S.C. § 1447* (the "Remand Motion").  The January 11, 2022 correspondence indicated that evidence of the outstanding amounts due would be sent under separate cover once received in summary and in redacted

form from Plaintiffs' counsel, and that payment was expected from Defendant after receipt and review.

6.    On March 25, 2022, counsel for the Plaintiffs forwarded a demand for advancement for the unpaid fees incurred in the Pennsylvania State Court Litigation, which at that time was a total of $48,722.50 (the "Demand Amount"). *See* Exhibit "B" to the Remand Motion. On March 28, 2022, Defendant refused payment of the Demand Amount and refused to acknowledge the advancement rights of the Plaintiffs. *See* Exhibit "C" to the Remand Motion.

7.    Plaintiffs filed a complaint ("Complaint") in the Delaware Court of Chancery on March 29, 2022, for advancement of legal fees, costs, and expenses ("Advancement Action") pursuant to Article VII, Sections 1 and 2 of the Defendant's Bylaws, amended as of November 27, 2018.

8.    As of the filing of the Complaint, the amount of $48,722.50 was the Demand Amount being sought by the Plaintiffs.

9.    Defendant removed the Advancement Action on March 30, 2022, to this Court.

Further Affiants saith not.

_____
Rafael X. Zahralddin