# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Rafael X. Zahralddin                )
and Shelley A. Kinsella,            )
                                    )
                    Plaintiffs,     )
            v.                      )   C.A. No. 22-cv-00412-CFC
                                    )
Elliott Greenleaf, P.C.,            )
                                    )
                    Defendant.      )

## DEFENDANT ELLIOTT GREENLEAF, P.C.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Elliott Greenleaf, P.C.

Deirdre M. Richards (No. 4191)
Mark J. Schwemler (*admitted pro hac vice*)
Colin J. O'Boyle (*admitted pro hac vice*)
1105 Market Street, Suite 1700
Wilmington, DE 19801
P: (302) 384-9400
dmr@elliottgreenleaf.com
Dated: May 2, 2025

# TABLE OF CONTENTS

I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS. .........2

II.  SUMMARY OF ARGUMENT..................................................................6

III.  STATEMENT OF FACTS..................................................................6

IV.  ARGUMENT...................................................................................10

  A.  Legal Considerations for Remand. ...........................................11

  B.  Plaintiffs' Own Filings Confirm the Amount in Controversy Exceeded $150,000 at the time Plaintiffs Filed Suit...........................................12

    1.  Plaintiffs' Own Pleadings Confirm the Amount of Fees and Costs at Issue Exceeded $150,000 when the Action was Filed. ....................................12

    2.  Plaintiffs' Newly Injected March 2022 Letter Does Not Support Remand..........................................................................................................14

  C.  Plaintiffs' Demand for Future Advancement Further Demonstrates the Amount in Controversy is More than Satisfied...................................................17

  D.  Plaintiff's Request for Fees Is Meritless. ...................................................21

V.  CONCLUSION. ..................................................................................21

# TABLE OF CITATIONS

**Cases**

*Aloise v. Giant of Md.,*
No. 12-00897, 2013 U.S. Dist. LEXIS 42198 (D. Del. Mar. 26, 2013) ..... 18, 19

*Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*,
835 F.3d 388 (3d. Cir. 2016) ........................................................ 12, 16, 18, 20

*Chinchilla v. Geo Dis Am., Inc.,*
No. 23-cv-1995, 2024 U.S. Dist. LEXIS 38658 (D.N.J. Mar. 5, 2024) ............ 20

*Danenberg v. Fitracks, Inc.*,
58 A.3d 911 (Del. Ch. 2012) ........................................................................ 9

*Frey v. Grumbine's RV*,
No. 1:10-CV-1457, 2010 U.S. Dist. LEXIS 96295 (M.D. Pa. Sep. 15, 2010) . 12

*Manhattan Telecomms. Corp. v. Granite Telcomms.*,
500 F. Supp. 3d 255 (D. Del. 2020) ........................................................ 11, 16

*Marella v. Allstate Ins. Co.,*
No. 19-4970, 2020 U.S. Dist. LEXIS 23218 (E.D. Pa. Feb. 10, 2020) ............ 12

*Martin v. Frankline Capital Corp.*,
546 U.S. 132 (2005) ................................................................................ 21

*Pecko v. Allstate Ins. Co., Civ.*
No. 16-1988, 2016 U.S. Dist. LEXIS 129569 (E.D. Pa. Sept. 20, 2016) ... 12, 13

*USP Md., Inc. v. Raley,*
No. 23-926-CFC, 2024 U.S. Dist. LEXIS 36088 (D. Del. Mar. 1, 2024) ........ 11

*Werwinski v. Ford Motor Co.*,
286 F.3d 661 (3d Cir. 2002) ................................................................ 11-12, 20

**Statutes**

28 U.S.C. § 1332 ........................................................................................ 11

28 U.S.C. § 1441 ........................................................................................ 11

28 U.S.C. § 1446 ........................................................................ 11

28 U.S.C. § 1447 ........................................................................ 21

Defendant Elliott Greenleaf, P.C. (the "Firm" or "Defendant") hereby files this response in opposition to Plaintiffs Rafael Zahralddin and Shelly Kinsella's ("Plaintiffs") Motion to Remand. (D.I. 8).

As set forth in its Notice of Removal, the Firm, a Pennsylvania Professional Corporation that is not a citizen of Delaware, properly removed this action to this Court on diversity grounds. (D.I. 1). Plaintiffs, who are both citizens of Delaware, sued the Firm for advancement of fees and costs (relating to a Pennsylvania action that had been pending for over a year) and made clear, in their own demand letter they attached as Exhibit C to their Complaint, that those fees and costs already significantly exceeded $75,000 (indicating fees and costs were approximately $152,000 and $14,100, respectively). (D.I. 1 at ¶ 4 and 1-1 at Ex. C).

Defendants concede there is complete diversity between the parties. Their sole basis for remand is to challenge the amount in controversy – arguing, in contradiction to their own filings, the amount does not exceed $75,000. (Pls.' Mot. at 7). In making this argument, Plaintiffs rely exclusively upon a letter that was <u>not</u> attached to or even referenced in their Complaint, which enclosed an invoice in the amount of $48,722.50. (*Id.*). Yet, as the invoice states and Plaintiff Zahralddin concedes in his Declaration, that invoice was only a recent invoice identifying the "balance" owed and not yet paid. (D.I. 8-3; D.I. 9 at ¶ 6). In the cover letter, Plaintiffs were still demanding advancement in excess of $150,000. (D.I. 8-3).

Plaintiffs cannot disregard their own Complaint, their own demand letter attached to their Complaint (stating the amount in controversy is already approximately $150,000), or the demand in their Complaint for declaratory relief for *future* fees and costs that would be incurred. Their challenge to the amount in controversy is meritless, and their Motion for Remand should be denied.

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS.

### A. The Pennsylvania Action

On February 5, 2021, the Firm filed a Complaint in Pennsylvania state court against Plaintiffs and three others captioned *Elliott Greenleaf, P.C. v. Zahrallddin-Aravena, et. al.*, Civ. No. 2021-01427 (Mont. Co. Ct. Com. Pls.) (the "Pennsylvania Action"). Plaintiffs attached the Firm's complaint as an exhibit to their Complaint. (D.I. 1-1, Ex. "B" at Page ID# 21-52).[1]

The Firm filed suit against Plaintiffs and other former Firm employees after it discovered they had been secretly acting to harm the Firm and to personally benefit themselves by misusing and converting the Firm's confidential information, transmitting the Firm's confidential internal financial records to third parties, stealing Firm files and transmitting copies of same to cloud-based accounts, and destroying/shredding hundreds of pounds of Firm files without the Firm's

---

[1] The Pennsylvania Action remains pending. *See* Exhibit "1" (Pennsylvania Action Docket as of 5/1/2025).

knowledge. (*Id.*) Plaintiffs then tried to cover up their misconduct by deleting files and emails stored on the Firm's Blue Bell, PA-based computer systems before abruptly announcing on December 28, 2020 their *en masse* resignations effective three days later, on December 31, 2020.

Notwithstanding their considerable connections to Pennsylvania (including Plaintiff Zahralddin's license to practice there), Plaintiffs challenged that Court's jurisdiction over them. At that court's direction, the parties conducted jurisdictional discovery, including deposing both Plaintiffs, and presented extensive briefing and records to that court. On February 23, 2022, that court rejected Plaintiffs' jurisdictional challenges noting, *inter alia*, the evidence demonstrating Plaintiffs' misconduct and how it was directed to harm the Firm in Montgomery County. *See* Pennsylvania Action at Seq. 72 at, e.g., p.12, n.7.

## B. The Delaware Action

On March 10, 2022, Plaintiffs' initial counsel petitioned the state court to allow it to withdraw due to an undisclosed "irreconcilable conflict", and requested a stay of that case in the interim, which was granted. Plaintiffs' second set of counsel – the same counsel that filed the instant Motion – then used the stay as an opportunity to file the Delaware Court of Chancery Complaint seeking to compel the Firm's "advancement of legal fees, costs, and expenses" to defend the Pennsylvania Action,

3

which was based upon their demonstrated misconduct and breaches of fiduciary duty against the Firm. (D.I. 1-1, Compl., Ex. "1" at Page ID# 5.)

In their March 29, 2022 demand for advancement action, Plaintiffs attached a copy of their January 11, 2022 letter demanding advancement from the Firm. (D.I. 1-1, Compl., Ex. "C"). In that letter, they demanded "[a]dvancement [] due upon receipt . . . for our legal fees and any expenses . . . total[ing] approximately $152,000 in legal fees and $14,100 in expenses[.]" (D.I. 1-1, Compl., Ex. "C" at Page ID# 55); *see also* (D.I. 8-3, Pls.' Mot. Remand, Ex. "B" at Page ID# 339) (same). In their Complaint, Plaintiffs demanded, *inter alia*, not only the fees and costs incurred to date but a declaration that they would be entitled to such fees and costs prospectively. (D.I. 1-1 at Prayer for Relief (a)-(d)).

On March 30, 2022, the Firm removed the Complaint to this Court on the basis of diversity jurisdiction, alleging:

> [T]the amount in controversy exceeds $75,000 exclusive of interests and costs. In Exhibit C to [Plaintiffs'] Complaint, Plaintiffs demand in excess of $150,000 from Defendant.

(D.I. 1, ¶ 4 at Page ID# 2). The Notice of Removal included, *inter alia*, Exhibit C to Plaintiffs' Complaint which is the January 11, 2022 Demand Letter in which Plaintiffs demand advancement of approximately $166,100. (D.I. 1-1, Ex. "C" at Page ID# 55; attached as Ex. "I").

4

On April 27, 2022, Plaintiffs filed an Emergency Motion to Stay this case, based on the Firm's filing of a Motion for Contempt in the Pennsylvania Action, which pointed out that this case was filed in a way that violated a court order in that action. (D.I. 6). The next day, on April 28, 2022, Plaintiffs filed their Motion to Remand, which, as demonstrated in this response, is meritless for several reasons. On April 29, 2022, this Court granted in part the Motion to Stay. (D.I. 12).

On February 5, 2025, shortly after the state court in the Pennsylvania Action ruled on the Firm's long-pending motion for contempt against Plaintiffs (partially granting the motion and finding Plaintiffs in contempt), Plaintiffs substituted in current counsel to replace the attorneys that initially filed this action in the Chancery Court. (D.I. 15).

On April 14, 2025, this Court lifted the stay, and, *inter alia*, directed counsel for the parties to confer no later than April 25, 2025 as to whether the parties would agree that this matter be remanded. (4/14/2025 D.I.) Counsel conferred on April 22, 2025, in-person. During the conference, the Firm's counsel discussed the evidence supporting removal, declined to agree to remand, and requested that Plaintiffs' counsel withdraw the Motion to Remand. Plaintiffs' counsel did not withdraw the Motion, thereby requiring the filing of this Response.

## II.    SUMMARY OF ARGUMENT.

1.    The Court should deny Plaintiffs' Motion to Remand, because the Complaint and its attachment clearly demonstrate the amount in controversy is at least $166,100 and Plaintiffs' newly injected partial invoice does not alter this fact.

2.    The Court should deny Plaintiffs' Motion to Remand, because Plaintiffs request for a declaration of future advancements further demonstrates the amount in controversy is in excess of $75,000.

3.    Plaintiffs' request for fees and costs is unwarranted and should be denied.

## III.    STATEMENT OF FACTS.

The Pennsylvania Action has been pending since February 5, 2021.  On January 11, 2022, Plaintiffs wrote to the Firm to demand advancement for the expenses incurred in their defense of the Pennsylvania Action.  (D.I. 1-1, Page ID# 54-55 (emphasis added)).  Plaintiffs' January 2022 Demand Letter provides, in pertinent part:

> I am writing to demand that [the Firm] advance the expenses, including attorney's fees and disbursements, actually and reasonably incurred by [Plaintiffs] . . . . The expenses have been and continue to be incurred defending the [Pennsylvania] [A]ction filed against the [Plaintiffs] . . .
>
> * * *
>
> . . . Redacted billing sheets and summaries to support the fees are forthcoming *and total approximately $152,000 in legal fees and $14,100 in expenses (related to filing and e-discovery)*.  If we do not receive notice that the funds have been wired or a check has been sent

6

within two business days of receipt of the invoices, . . . we will then take action to seek not only advancement but also fees upon fees incurred in this action brought to enforce our rights. (*Id.*)

On March 25, 2022, Plaintiffs' then counsel wrote to the Firm "as a follow-up to" Plaintiffs' January 2022 Demand Letter, which was attached to the March letter as referred to as the "Demand Letter". (D.I. 8-3 at 2). Plaintiffs' then counsel demanded the Firm "acknowledge its advancement obligation as described in the Demand Letter." (*Id.*) Plaintiffs' counsel also demanded the Firm "promptly advance the fees described on the attached bill . . ." (*Id.*) The "attached bill" was an invoice dated March 7, 2022 for the "remaining balance" of the legal fees incurred in December 2021, the legal fees incurred for January 2022 and some costs for a total of $48,722.50. (D.I. 8-3 at 4).

On March 28, 2022, the Firm's counsel wrote to Plaintiffs' counsel to make clear the Firm would not agree to Plaintiffs' demand to advance any fees in the Pennsylvania Action, which were not required by the Firm's Bylaws and improper under the circumstances. (D.I. 8-4).

On March 29, 2022, Plaintiffs filed suit for Advancement in the Chancery Court. Consistent with their January 2022 Demand Letter, Plaintiffs made clear throughout their Complaint that they were seeking a Court order requiring the Firm not only to pay the fees and costs that had been incurred to date but also a declaration that the Firm would be required to advance *future* fees and costs, on an ongoing

basis.  For example, in the Complaint, Plaintiffs expressly alleged they "requested advancement from Defendant on January 11, 2022 . . ." <u>and</u> attach a copy of the January 2022 Demand Letter (demanding advancement of approximately $166,100) to their Complaint as Exhibit C.  (¶ 4)  Plaintiffs then go on to explain:

> [They] seek advancement of legal fees, costs, and expenses incurred in connection with the [Pennsylvania] Action, and an award of 'fees on fees' incurred in connection with enforcing their right to advancement, along with pre- and post-judgment interest.  (¶ 5).

Significantly, Plaintiffs also stated expressly they were seeking "specific performance" of the Firm's purported obligation for the "advancement of attorney's fees and disbursements upon the undertakings *that were submitted in January 2022,*" i.e. the January 2022 Demand Letter for approximately $166,100.  (¶ 10) (emphasis added).  Plaintiffs further alleged they continued to incur fees and costs in connection with the Pennsylvania Action as well as this "enforcement proceedings."  (¶26).[2]

Against the factual backdrop, including express references to the January 2022 Demand Letter they attached to their Complaint (demanding approximately $166,100), Plaintiffs assert, in Count I, they are "entitled to advancement of expenses incurred in connection with the Action" . . . (¶36).  In Count II, Plaintiffs assert they are entitled to "'fees on fees'" "including an interim order requiring

---

[2] Notably, Plaintiffs did not attach, nor even mention, their March 25, 2022 letter demanding the Firm (i) acknowledge its purported obligations as set forth  in the January 2022 Demand Letter or (ii) pay the partial invoice dated March 7, 2022.

interim advancement of fees and expenses incurred in connection with the instant action during its pendency." (¶ 39).

In their Prayer for Relief, Plaintiffs requested an order, *inter alia*:

a. For specific performance requiring Defendant to pay to Plaintiffs *all* reasonable attorneys' fees, costs, and expenses . . . together with pre- and post-judgment interest on such amounts.

b. Declaring that Plaintiffs are entitled to advancement for *any future* attorneys' fees, costs, and expenses . . . and the entry of an order for payment procedures pursuant to *Danenberg v. Fitracks, Inc.*, 58 A.3d 991 (Del. Ch. 2012). (emphasis added).

c. Requiring Defendant to pay Plaintiffs' attorneys' fees, costs, and expenses incurred with enforcing Plaintiffs' right to advancement under the Bylaws, together with pre- and post-judgment interest.

d. Declaring Plaintiffs are entitled to advance for *any future* attorneys' fees, costs, and expenses incurred in connection with enforcing their right to advancement under the Bylaws in connection with the [Pennsylvania] Action and the entry of an order requiring Defendant to advance attorneys' fees, costs, and expenses incurred during the pendency of this action to enforce Plaintiffs' right to advancement, and the entry of an order for payment procedures pursuant to *Danenberg [].* . .

(D.I. 1-1) (emphasis added).

As noted above, the Firm removed the Complaint to this Court on the basis of diversity jurisdiction, alleging:

[T]the amount in controversy exceeds $75,000 exclusive of interests and costs. In Exhibit C to [Plaintiffs'] Complaint, Plaintiffs demand in excess of $150,000 from Defendant.

(D.I. 1, ¶ 4 at Page ID# 2).

## IV.  **<u>ARGUMENT.</u>**

Plaintiffs recognized a determination of the amount in controversy should begin with a review of the Complaint (D.I. 8 at 6) and, yet, they very tellingly disregard their Complaint and its attachments.  They, instead, ask this Court to focus on the March 25, 2022 letter and *partial* invoice they did <u>not</u> even reference, let alone attach to, their Complaint.  Plaintiffs' omission of that letter from their Complaint was not inadvertent, and their reliance upon it now does not support remand – as a matter of fact or law.  Instead, it demonstrates their efforts to seek remand requires them to avoid any discussion of the allegations in their Complaint, the exhibits they attach to their Complaint, and the relief they request in their Complaint.  In other words, Plaintiffs asks this Court to remand this action <u>not</u> based upon a "review of the complaint" but in spite of it.

Plaintiffs' motion to remand is meritless and should be denied for several reasons.  *First*, the Complaint (through its allegations and exhibit) clearly demonstrate Plaintiffs seek fees and costs that already exceeded $150,000 as of January 2022.  The Firm identified this as the basis for removal. (D.I. 1 at ¶ 4).  Plaintiffs cannot dispute this, and so did not even try.  The partial invoice they attempt to inject now does nothing to alter this.  *Second,* Plaintiffs request for declaratory relief for advancement of *future* fees and costs also unequivocally demonstrates the amount in controversy exceeds $75,000.  Plaintiffs cannot dispute

this either, and so do not even try.  They completely disregard their request for declaratory relief.

## A. Legal Considerations for Remand.

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court to federal district court if the district court would have had jurisdiction over the plaintiff's claims.  28 U.S.C. § 1441(a).  District courts enjoy diversity jurisdiction over claims valued at more than $75,000 between citizens of different states.  28 U.S.C. § 1332.  A defendant may remove an action to federal court through a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

As this Court has recognized, "[w]hen deciding whether to remand a case, the district court is to accept as true all factual allegations *in the complaint* at the time of removal."  *USP Md., Inc. v. Raley*, Civil Action No. 23-926-CFC, 2024 U.S. Dist. LEXIS 36088, at *2 (D. Del. Mar. 1, 2024) (Connolly, C.J.) (emphasis added).  This Court has also explained that "[t]he amount in controversy is determined *from the complaint*." *Manhattan Telecomms. Corp. v. Granite Telcomms.*, 500 F. Supp. 3d 255, 258 (D. Del. 2020) (Connolly, C.J.) (emphasis added) (denying motion to remand) (citation omitted).  "[T]he amount in controversy must be calculated based on a 'reasonable reading' of the complaint[.]"  *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002), *overruled on other ground by*, *Earl v. NVR, Inc.*, 990

F.3d 310, 312 (3d Cir. 2021); *see also Marella v. Allstate Ins. Co.*, Civ. No. 19-4970, 2020 U.S. Dist. LEXIS 23218, *7 (E.D. Pa. Feb. 10, 2020) (Sanchez, C.J.) (reviewing *ad damnun* clause and denying motion to remand).  Defendant's burden to establish the sufficiency of the amount in controversy "is not especially onerous." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d. Cir. 2016).

In assessing whether a complaint sufficiently alleges jurisdiction, the court should consider not only the allegations in the complaint but also the "documents referenced therein and attached thereto."  *Auto-Owners Ins. Co.*, 835 F.3d at 396, n.9 (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)); *see also Pecko v. Allstate Ins. Co.*, Civ. No. 16-1988, 2016 U.S. Dist. LEXIS 129569, *8 (E.D. Pa. Sept. 20, 2016) (denying summary judgment where exhibit showed amount in controversy exceeded $75,000); *Frey v. Grumbine's RV*, No. 1:10-CV-1457, 2010 U.S. Dist. LEXIS 96295, at *6 (M.D. Pa. Sep. 15, 2010) (relying upon documents attached to the complaint to deny motion to remand).

**B.     Plaintiffs' Own Filings Confirm the Amount in Controversy Exceeded $150,000 at the time Plaintiffs Filed Suit.**

**1. Plaintiffs' Own Pleadings Confirm the Amount of Fees and Costs at Issue Exceeded $150,000 when the Action was Filed.**

In the Complaint, Plaintiffs unambiguously seeks advancement for attorney's fees and costs "that were submitted in January 2022[,]" (D.I. Compl. ¶ 10), and attached the January 2022 Demand Letter as Exhibit C that the advancement demand

at that time already exceeded $150,000. (D.I. 1-1, Ex. "C", PageID #54-59). As such, Plaintiffs' own Complaint, including the document referenced and attached to it, proves the amount in controversy significantly exceeds $75,000.

In *Pecko v. Allstate Ins. Co.*, 2016 U.S. Dist. LEXIS 129569, **7-8, the district court faced a similar situation where a plaintiff sought to remand an action by challenging the amount in controversy. In that case, the plaintiff actually pled she was seeking damages "not in excess of $50,000" but then attached, as an exhibit to her complaint, an estimate of damages that totaled $136,905.20. *Id.* The district court found the plaintiff's documents, as attached to the complaint, demonstrated the amount in controversy was in excess of $75,000 and so denied the motion to remand. *Id.* at *9.

This Court should come to the same conclusion here. Plaintiffs filed suit demanding advancement of attorneys fees and costs and attached their own January 2022 Demand Letter indicating the amount in controversy, even as of January 2022, was significantly in excess of $75,000. As such, like in *Pecko*, the plaintiff must be held to the facts presented in their complaint and attachments that unequivocally demonstrate the amount in controversy exceeds $75,000.

Tellingly, though the Firm expressly relied upon Plaintiffs' allegations and reference to the attached January 2022 Demand Letter as the basis for removal (D.I. 1 at ¶ 4), Plaintiffs make absolutely no effort to challenge the accuracy of the Firm's

citations or characterizations. This is because Plaintiffs have no rebuttal. The Firm accurately cited to Plaintiffs' Complaint and accurately cited to the demand letter attached to the Complaint advising the costs and fees at issue were already "in excess of $150,000" in January 2022.

### 2. Plaintiffs' Newly Injected March 2022 Letter Does Not Support Remand.

Rather than address their own filings, Plaintiffs rely upon the March 25, 2022 letter and partial invoice they omitted from the Complaint. (D.I. 8 at 3). Plaintiffs argue the March 25, 2022 letter made the Firm "fully aware that the only amounts which were being sought at the time of the filing of the Complaint on March 29, 2022 was the total amount of $48,722.50." (D.I. 8 at 7). Plaintiffs claim, as a result, the case should be remanded. This argument is factually and legally meritless.

*First*, Plaintiffs rely upon a mischaracterization of the facts and the content of the March 25 Letter. As set forth above, on January 11, 2022, Plaintiffs personally wrote to the Firm demanding the Firm advance "the expenses, including attorney's fees and disbursements, actually and reasonably incurred" by Plaintiffs in defending the Pennsylvania Action. (D.I. 1-1, Page ID# 54). In that letter, Plaintiffs advised "[r]edacted billing sheets and summaries to support the fees are forthcoming and total approximately $152,000 in legal fees and $14,100 in expenses . . ." (D.I. 1-1, Page ID# 55). Plaintiffs attached this letter to their Complaint as Exhibit C.

In the March 25, 2022 Letter that Plaintiffs now rely upon, they did <u>not</u> in any way suggest that they were no longer demanding the $166,100 they identified as due as of January 11, 2022. To the contrary, in the March 25, 2022 letter, Plaintiffs' counsel demanded the Firm "acknowledges its advancement obligation as described in the [January 11, 2022] Demand Letter," which was specifically attached to the March 25, 2022 letter. (D.I. 8-3 p.2). Plaintiffs' counsel then demanded the Firm <u>also</u> "promptly advance the fees described on the attached bill." (D.I. 8-3 p.2). That "attached bill" was not the "[r]edacted billing sheets and summaries" Plaintiffs indicated they would provide to support the $166,100 identified in the January 2022 Demand Letter. Rather, it was a partial invoice issued on March 7, 2022 by the defense firm for some costs, for a small "remaining balance" for December 2021, and for fees incurred in January 2022, that would not have even been billed when the January 2022 Demand letter was sent. (D.I. 8-3).

The March 25, 2022 Letter did not, by its own terms, redefine or limit in any way the amount Plaintiffs were demanding the Firm advance them while the Pennsylvania Action was still proceeding, let alone restrict or limit the amount in the yet-to-be-filed Complaint. Rather, as Plaintiff Zahralddin described the March 7, 2022 invoice, this was just the then "unpaid" fees. (D.I. 9 at ¶ 6). In other words, Plaintiffs were demanding the Firm pay the most recent invoice so that Plaintiffs would not have to make the payment and seek reimbursement after the fact.

15

As such, as a matter of fact, the March 25, 2022 Letter does absolutely nothing to support Plaintiffs' request for remand. On the contrary, the March 25, 2022 Letter (i) confirms Plaintiffs were still demanding the Firm acknowledge its advancement obligations as set forth in the January 2022 Demand Letter (for approximately $166,100) and (ii) demonstrates Plaintiffs continued to incur additional attorneys fees and costs after the January 2022 Demand Letter was sent, thus further increasing the amount in controversy.

**Second**, the central question for this Court is whether "[t]he amount in controversy" exceeds $75,000. *See Manhattan Telecomms. Corp.*, 500 F. Supp. 3d at 258. As the Third Circuit explained, "the amount in controversy" is "a reasonable reading of the value of the rights being litigated." *Auto-Owners Ins. Co.*, 835 F.3d at 395. Under Supreme Court precedent, the district court should not remand a case under its diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

Significantly, Plaintiffs do not actually argue the "amount in controversy" is less than $75,000; rather, Plaintiffs coyly argue that "the Demand Amount sought at the time the Complaint was filed, $48,722.50, is less than the diversity threshold amount of $75,000 . . ." (D.I. 8 at 7-8) (emphasis added). And, for that reason, "this Court indeed lacks subject matter jurisdiction" and the case should be remanded. (D.I. 8 at 7-8).

16

Plaintiffs erroneously conflate the "Demand Amount", i.e. the amount of the parties invoice from March 7, 2022, with the "amount in controversy" Plaintiffs have placed at issue in the lawsuit. They are materially different here. Indeed, Plaintiffs have never – in correspondence, in their Motion to Remand, or otherwise – suggested (let alone stipulated) that "a reasonable reading of the value of the rights being litigated" is the partial invoice amount of $48,722.50 rather than the full amount of all fees and costs expended in defending the Pennsylvania Action.

In other words, despite claiming to challenge the amount in controversy, Plaintiffs do not actually argue that "a reasonable reading of the value of the rights being litigated" does not exceed $75,000 and, as such, have fatally not actually challenged the "amount in controversy."

**C. Plaintiffs' Demand for Future Advancement Further Demonstrates the Amount in Controversy is More than Satisfied.**

To try to justify their reliance upon the March 25, 2022 Letter, Plaintiffs suggest "the Complaint does not request a sum certain." (D.I. 8 at PageID #310). This is, at best, misleading. While the *ad damnum* clause does not identify a "sum certain", because expenses continue, the Complaint specifically demands advancement of fees and costs incurred in defending the Pennsylvania Action with specific refence to the attached January 2022 Demand Letter (confirming the advancement already exceeded $150,000, i.e. well-above the jurisdiction threshold).

17

However, even if this Court <u>disregarded</u> the January 2022 Demand Letter Plaintiffs attached to and referenced in their Complaint and <u>accepted</u> Plaintiffs' flawed characterization of the March 25, 2022 Letter and partial invoice, the Court would still have to deny Plaintiffs' Motion for Remand.

Plaintiffs expressly requested not only advancement of fees and costs incurred already but also a declaration they are "entitled to advancement for *any future* attorneys' fees, costs, and expenses . . . and the entry of an order for payment procedures pursuant to *Danenberg[]*." (D.I. 1-1 at Prayer for Relief) (emphasis added). Plaintiffs' completely disregard their request for this declaratory prospective relief and its impact on the "amount in controversy."

Under Third Circuit precedent, when a plaintiff seeks declaratory relief, "it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation." *Auto-Owners Ins. Co.*, 835 F.3d at 397-98 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). In that regard, "the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend." *Id.* (citing 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016)).[3]

---

[3] *See also Aloise v. Giant of Md.*, No. 12-00897-LPS, 2013 U.S. Dist. LEXIS 42198, at *3-4 (D. Del. Mar. 26, 2013) (Stark, J.) (assessing jurisdictional amount is "not

In *Auto-Owners Ins. Co.*, the Third Circuit confirmed that, where fees and costs are recoverable, as here, the district court must account for them in determining the amount in controversy. *Id.* In that case, the Third Circuit determined that compensatory damages could total only $60,000 but had no trouble concluding that the "cost of defense", which was also at issue, "could fairly be assumed to be well in excess of the $15,000 difference between $60,000 and the $75,000 jurisdictional threshold." *Id.* at 396.

Here, even under Plaintiffs' unsupportable version of the facts, the "Demand Amount" at the time the lawsuit was filed was $48,722.50. This amount did not include any costs or fees (i) incurred in February or March 2022 in the Pennsylvania Action; (ii) incurred in the Pennsylvania Action after this action was filed (and that case is still open); or (iii) incurred in bringing this advancement action (which Plaintiffs' also demand). As such, even if Plaintiffs had stipulated to cap their pre-complaint advancement demand at $48,722.50, which they did not, the Court would still have to determine the "reasonable" "value" of Plaintiffs' request for declaratory relief for future attorneys' fees and costs to determine the "amount in controversy."

In doing so, this Court, like the Third Circuit in *Auto-Owners*, would only need to consider whether the reasonable value of the additional attorneys fees and

---

measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (citation omitted).

costs could be enough to make up the difference between the known damages and the jurisdictional threshold. Here, that amount is $26,278.50 (i.e. $75,001 – $48,722.50). Considering the March 7, 2022 invoice for $48,722.50 was only for a portion of December 2021, January 2022 and some costs, there is no reasonable basis to conclude that the value of Plaintiffs' requested declaratory relief - that Plaintiffs are entitled to advancement for all future fees and costs incurred in the Pennsylvania Action <u>and</u> in prosecuting this action – could be less than $26,278.50.

As such, just as in *Auto-Owners Ins. Co.,* this Court should find that, even if it disregarded Plaintiffs express reliance upon the January 2022 Demand Letter attached to the Complaint (which it absolutely should not), the amount in controversy still readily exceeds $75,000 so the Motion for Remand should be denied for that reason also. *See Auto-Owners Ins. Co.*, 835 F.3d at 397-98.[4]

---

[4] *Accord Werwinski*, 286 F.3d at 667 (rejecting plaintiff's argument repair costs would not exceed $3,000 because the amount in controversy must be based upon a 'reasonable reading' of the complaint); *Chinchilla v. Geo Dis Am., Inc.*, No. 23-cv-1995, 2024 U.S. Dist. LEXIS 38658, *11-12 (D.N.J. Mar. 5, 2024) (finding, even when no quantum of damages is alleged, reasonable determination of the claims for back pay, front pay, punitive damages, and attorney's fees exceeded $75,000).

**D.     Plaintiff's Request for Fees Is Meritless.**

The Firm appropriately relied upon Plaintiffs' own filings and admissions to support removal, which is objectively reasonable (and meritorious).  It is Plaintiffs who have asserted objectively meritless grounds for remand.  Plaintiffs' request for fees under 28 U.S.C. § 1447(c) should be denied.  *See Martin v. Frankline Capital Corp.*, 546 U.S. 132, 141 (2005) ("when an objectively reasonable basis exists [for removal], fees should be denied").

**V.     CONCLUSION.**

The Firm respectfully requests this Court deny Plaintiffs' Motion to Remand, and grant all further relief in favor of Defendant as the Court deems appropriate.

*/s/ Deirdre M. Richards*
Deirdre M. Richards (No. 4191)
Mark J. Schwemler (*admitted pro hac vice*)
Colin J. O'Boyle (*admitted pro hac vice*)
1105 Market Street, Suite 1700
Wilmington, DE 19801
P: (302) 384-9400
dmr@elliottgreenleaf.com
mjs@elliottgreenleaf.com
cjo@elliottgreenleaf.com

Dated: May 2, 2025

**<u>CERTIFICATION OF WORD COUNT AND TEXT FORMATTING</u>**

I hereby certify that text formatting of the foregoing is Times New Roman 14, and the word count of the foregoing as indicated by the word-processing program word count feature is: 4,926.

<u>*/s/ Deirdre M. Richards*</u>
Deirdre M. Richards (No. 4191)
Mark J. Schwemler (*admitted pro hac vice*)
Colin J. O'Boyle (*admitted pro hac vice*)
1105 Market Street, Suite 1700
Wilmington, DE 19801
P: (302) 384-9400
dmr@elliottgreenleaf.com

Dated: May 2, 2025