**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

RAFAEL X. ZAHRALDDIN,
and SHELLEY A. KINSELLA,

        Plaintiffs,

   v.

ELLIOTT GREENLEAF, P.C.,

        Defendant.

Civil Action No. 22-412-CFC

**PLAINTIFFS RAFAEL X. ZAHRALDDIN AND SHELLEY A. KINSELLA'S**
**<u>REPLY BRIEF IN SUPPORT OF MOTION TO REMAND</u>**

Dated: May 9, 2025

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

  I.    ARGUMENT ......................................................................................... 1

  II.  CONCLUSION ...................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Beneficial Mortg. Corp.*,
  699 F. Supp. 1075 (D. Del. 1988)..................................................................5, 7

*Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*,
  835 F.3d 388 (3d Cir. 2016) .........................................................................6, 7

*The Bachman Co. v. MacDonald*,
  173 F. Supp. 2d 318 (E.D. Pa. 2001)............................................................2, 4

*Curlett v. Madison Indus. Servs. Team, Ltd.*,
  No. CIV. 11-718-SLR, 2012 WL 3257816 (D. Del. Aug. 8, 2012).....................7

*Fleming & Hall, Ltd. v. Cope*,
  30 F. Supp. 2d 459 (D. Del. 1998)................................................................2, 6

*Floyd v. Saturn of Newark*,
  No. CIV.A.04 944 JFF, 2006 WL 182053 (D. Del. Jan. 24, 2006) ................2, 3

*Green v. Henderson*,
  No. CV 16-868-GMS, 2016 WL 6650834 (D. Del. Nov. 8, 2016).....................2

*Manhattan Telecommunications Corp. v. Granite
  Telecommunications, LLC*,
  500 F. Supp. 3d 255 (D. Del. 2020)..................................................................6

*Pancari v. Fox Chase Cancer Ctr.*,
  No. CV 20-1844, 2020 WL 3542319 (E.D. Pa. June 30, 2020)........................7

*Samuel-Bassett v. KIA Motors Am., Inc.*,
  357 F.3d 392 (3d Cir. 2004) ............................................................................1

*Suber v. Chrysler Corp.*,
  104 F.3d 578 (3d Cir. 1997), *as amended* (Feb. 18, 1997) ................................5

*Underbrink v. Warrior Energy Serv. Corp.*,
  2008 WL 2262316 (Del. Ch. May 30, 2008)..................................................4, 5

ii

*Werwinski v. Ford Motor Co.*,
No. CIV.A. 00-943, 2000 WL 375260 (E.D. Pa. Apr. 11, 2000),
<u>aff'd,</u> 286 F.3d 661 (3d Cir. 2002)...........................................................................6

**Statutes**

28 U.S.C. § 1332 ...........................................................................................1, 6

28 U.S.C. § 1447 ..................................................................................................1

Plaintiffs Rafael X. Zahralddin and Shelley A. Kinsella (collectively "Plaintiffs") respectfully submit this Reply Brief in Support of their Motion to Remand (D.I. 8). This civil action should be remanded to the Delaware Court of Chancery because (1) the amount in controversy, as of the Complaint's filing date, does not exceed the statutory minimum of $75,000, and (2) subsequent events cannot increase the amount of controversy to warrant this Court's subject-matter jurisdiction under 28 U.S.C. 1332. As a result, this Court should grant Plaintiffs' request Motion to Remand because Defendant Elliot Greenleaf, P.C. ("Defendant") was precluded from removing this action to the District Court of Delaware for lack of subject matter jurisdiction.

## I.    ARGUMENT

To establish diversity jurisdiction, (1) the parties must have diversity of citizenship, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "In diversity suits, the requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as to litigation filed in the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

1

This Court has routinely dismissed or remanded actions where the amount in controversy does not exceed the statutory minimum. *See e.g.*, *Fleming & Hall, Ltd. v. Cope*, 30 F. Supp. 2d 459, 462 (D. Del. 1998) ("Because Cope has not met even the lightest possible burden with respect to showing that an amount in excess of $75,000 is in controversy. Thus, this Court must remand this matter to the Court of Chancery for want of subject matter jurisdiction."); *Green v. Henderson*, No. CV 16-868-GMS, 2016 WL 6650834, at *2 (D. Del. Nov. 8, 2016) ("Given that Green seeks far less than $75,000 in damages, the court concluded that he cannot satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a)."); *Floyd v. Saturn of Newark*, No. CIV.A.04 944 JFF, 2006 WL 182053, at *3 (D. Del. Jan. 24, 2006) ("Plaintiff has not satisfied the $75,000 threshold to support the exercise of diversity jurisdiction.").

Because the Complaint does not include a sum of damages, the Court is allowed to "make an independent appraisal of the claim and after a generous reading of the complaint arrive at the reasonable value of the rights being litigated." *The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 323 (E.D. Pa. 2001). In making this determination, the Court may consider the exhibits or other documents to calculate the amount in controversy. *Id.* at 323 ("In assessing the amount in controversy, the court may also look to the Notice of Removal, stipulations and

2

discovery evidence such as depositions, affidavits, and other documentation that is relevant to the value of the claims at issue.").

Defendant's Response in Opposition to Plaintiffs' Motion to Remand (D.I. 22) incorrectly argues that the amount in controversy is satisfied on the basis that the Complaint references the January 2022 Demand Letter which sought "$152,000 in legal fees and $14,100 in expenses[.]" (D.I. 22 at 4.) Though Defendant acknowledges that exhibits may be relied upon to calculate the amount in controversy, Defendant picks and chooses which documents can be used for such a purpose. *See Floyd*, 2006 WL 182053, at *2 ("Once the defendant challenges the plaintiff's allegations regarding the amount in controversy, the plaintiff must produce sufficient evidence to demonstrate that his or her claims meet the jurisdiction amount.").

For example, in the Motion for Remand Plaintiffs refer to the demand for advancement submitted on March 25, 2022 (the "March Letter"), and the accompanying invoice dated March 7, 2022 (the "Invoice"), (together, with the March Letter, the "March Advancement Demand"). The Invoice showed that Plaintiffs had incurred fees of $48,722.50. (*See* Motion to Remand Ex. B.) Defendant, however, asks the Court to rely solely on the January 2022 Demand which referred to fees and expenses of approximately $152,000, because the March Advancement Demand is not referred to in the Complaint. But the January 2022

3

Demand Letter stated that Plaintiffs would provide invoices to Defendant.  (*See* Motion to Remand Ex. A ("If we do not receive notice that the funds have been wired or a check has been sent within two business days of receipt of the invoices...we will then take action to seek not only advancement but also fees upon fees.").)   When Plaintiffs provided the invoices later in March, the invoice total was approximately $48,722.50.  (*See* Motion to Remand Ex. B.)

As an initial matter, Defendant cites to no authority for the proposition that the Court may look only to the four corners of the complaint when assessing the amount in controversy on a motion to remand.  To the contrary, the case law is clear that on a motion to remand the Court is permitted to take into account information outside the four corners of the complaint in determining the amount in controversy. *The Bachman Co.*, 173 F. Supp. 2d at 323.

Looking to the March Advancement Demand also is consistent with the Delaware law of advancement.  Under Delaware law a party seeking advancement must establish several facts to make a prima facie claim for advancement.  Where, as here, the relevant bylaws require submission of an undertaking, the plaintiff must plead that she has satisfied that essential prerequisite. *Underbrink v. Warrior Energy Serv. Corp.*, 2008 WL 2262316, at *13 (Del. Ch. May 30, 2008) ("Where a bylaw clearly creates a right to mandatory advancement, the right is enforceable upon satisfaction of the prerequisites, including the appropriate form of undertaking as

specified in the bylaws.")  The January 2022 Demand Letter attached Plaintiffs' undertakings; thus, Plaintiffs referred to that document in the Complaint to satisfy that requirement.

In addition to submitting an undertaking, a party seeking actual reimbursement of fees and expenses, as opposed to simply a determination of the right to advancement, must specify the amount of reimbursement sought and provide invoices to permit the company to assess the reasonableness of the amounts sought. *Id*. at *19 n.175 (calculating interest from the date plaintiffs provided their undertakings and invoices).  The January 2022 Demand Letter contained undertakings but not an invoice and expressly stated invoices would be provided at a later date.  Thus, the January 2022 Demand Letter is not relevant to determining the amount in controversy because it did not contain the invoices necessary to trigger Defendant's advancement obligation.  That obligation was not triggered until the March Advancement Demand, when Plaintiffs provided the Invoice.

So, at the time the Complaint was filed, under Delaware law the only valid claim for advancement was the amount sought in the March Advancement Demand. Under federal law, the amount in controversy is "determined at the time the action is filed."  *Anderson v. Beneficial Mortg. Corp.*, 699 F. Supp. 1075, 1078 (D. Del. 1988) (cleaned up); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997), *as amended* (Feb. 18, 1997) ("The temporal focus of the court's evaluation

5

of whether the plaintiff could conceivably prevail on its claim is on the time that the complaint was filed."); *Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, 500 F. Supp. 3d 255, 258 (D. Del. 2020) ("The amount in controversy is determined from the complaint.").

As shown by the date of the Invoice, the Complaint was filed only two weeks later. Hence, at the time of filing the Complaint, Defendant owed a balance of $48,722.50 to each Plaintiff. Defendant, however, cannot "aggregate" the damages owed to each Plaintiff to satisfy the statutory minimum because Plaintiffs are not suing Defendant jointly. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In general, the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy."); *Werwinski v. Ford Motor Co.*, No. CIV.A. 00-943, 2000 WL 375260, at *2 (E.D. Pa. Apr. 11, 2000), aff'd, 286 F.3d 661 (3d Cir. 2002) ("[C]laims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of determining the amount in controversy") (cleaned up). Because the amount in controversy does not satisfy the statutory minimum of 28 U.S.C. § 1332, this action must be remanded to the Delaware Court of Chancery. *See Fleming*, 30 F. Supp. 2d at 461 ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should resolved in favor of remand.").

6

Moreover, Defendant claims that "Plaintiffs request for declaratory relief for advancement of *future* fees and costs" demonstrates that the amount in controversy exceeds $75,000.  (D.I. at 8.)  Again, Defendant is mistaken as "subsequent events" "cannot reduce the amount in controversy so as to deprive the district court of jurisdiction," "*nor can later events increase the amount in controversy* and give rise to jurisdiction that did not properly exist at the time of the complaint's filing."  *See Auto-Owners Ins. Co.*, 835 F.3d at 395-96 (emphasis added); *Curlett v. Madison Indus. Servs. Team, Ltd.*, No. CIV. 11-718-SLR, 2012 WL 3257816, at *2 (D. Del. Aug. 8, 2012) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (cleaned up); *Anderson v. Beneficial Mortg. Corp.*, 699 F. Supp. 1075, 1078 (D. Del. 1988) ("Any events or defenses occurring subsequent to filing will not oust the jurisdiction of a court.") (cleaned up).

Even if the future fees and costs exceed the threshold amount of $75,000, the Court cannot consider this amount to satisfy the statutory minimum because these costs will be incurred after the filing date of this action.  *Auto-Owners Ins. Co.*, 835 F.3d at 395-96.  Furthermore, "speculation that a claim may, at some point, exceed the requisite amount is insufficient to confer jurisdiction."  *Pancari v. Fox Chase Cancer Ctr.*, No. CV 20-1844, 2020 WL 3542319, at *3 (E.D. Pa. June 30, 2020).

7

On that front, Defendant's reliance upon future fees and costs are merely speculative as these fees have yet to be determined.

## II.    CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Remand this suit to the Delaware Court of Chancery.

BAYARD, P.A.

Dated: May 9, 2025

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
pladig@bayardlaw.com
rgolden@bayardlaw.com

8