# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAFAEL X. ZAHRALDDIN,
and SHELLEY A. KINSELLA,

       Plaintiffs,

       v.

ELLIOTT GREENLEAF, P.C.,

       Defendant.

Civil Action No. 22-412-CFC

## <u>PLAINTIFFS RAFAEL X. ZAHRALDDIN AND SHELLEY A. KINSELLA'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Dated: June 20, 2025

BAYARD, P.A.

Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
pladig@bayardlaw.com
rgolden@bayardlaw.com

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I.    NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II.   SUMMARY OF ARGUMENT ........................................................................ 2

III.   STATEMENT OF FACTS ............................................................................... 3

IV.   ARGUMENT ................................................................................................... 4

   A.   The Court should exercise jurisdiction over Plaintiffs' declaratory claim as no parallel proceeding exists here. ........................................................................ 4

      1.   Even if the PA Action and DE Action are parallel proceedings, the Reifer factors favor this Court exercising jurisdiction. ................................................ 7

   B.   Under the doctrine of abstention, the PA Action and DE Action do not raise substantially identical claims. ......................................................................... 11

      1.   The multi-factor test shows that abstention is not warranted here. ........... 13

   C.   Plaintiffs are entitled to advancement because the PA Action's allegations are related to their corporate capacity as former directors. ....................................... 16

      1.  Pursuant to the Bylaws, the PA Action arises "by reason of" Plaintiffs' role as former directors of Defendant. ................................................................. 16

      2.   Plaintiffs allegedly acting for their own personal benefit has no bearing on whether they are entitled to advancement. ....................................................... 19

V.  CONCLUSION ............................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aleynikov v. Goldman Sachs Grp., Inc.*,
No. CIV. 12-5994 KM, 2013 WL 5739137 (D.N.J. Oct. 22, 2013),
*aff'd in part, vacated in part*, 765 F.3d 350 (3d Cir. 2014)..........................13, 17

*Brillhart v. Excess Ins. Co. of Am.*,
316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) .........................................4

*Brown v. LiveOps, Inc.*,
903 A.2d 324 (Del. Ch. 2006) ....................................................................18, 19

*Casino Beach Pier LLC v. Westchester Surplus Lines Ins. Co.*,
No. CV2010163FLWTJB, 2021 WL 1311047 (D.N.J. Apr. 8,
2021) ......................................................................................................4, 5, 10, 11

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ........................11, 12, 14

*Flint v. A.P. Desanno & Sons*,
234 F. Supp. 2d 506 (E.D. Pa. 2002)..................................................................14

*Holley v. Nipro Holley v. Nipro Diagnostics, Inc.*,
No. CA 9679-VCP, 2014 WL 7336411 (Del. Ch. Dec. 23, 2014)....................20

*Homestore, Inc. v. Tafeen*,
886 A.2d 502 (Del. 2005) ......................................................................................9

*Homestore, Inc. v. Tafeen*,
888 A.2d 204 (Del. 2005) ...........................................................................8, 9, 12

*Johnson v. Farm Journal, Inc.*,
2019 WL 3530423 (E.D. Pa. Aug. 1, 2019) .................................................15, 18

*Kaung v. Cole Nat'l Corp.*,
884 A2d 500 (Del. 2005) ......................................................................................8

*Kelley v. Maxum Specialty Group*,
868 F.3d 274 (3d Cir. 2017) .......................................................................4, 6, 12, 13

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
571 F.3d 299 (3d Cir. 2009) ...............................................................12, 13, 14

*Nielsen v. EBTH Inc.*,
No. CV 2019-0164-MTZ, 2019 WL 4755865 (Del. Ch. Sept. 30,
2019) ........................................................................................................18, 19, 20

*Paolino v. Mace Sec. Int'l, Inc.*,
985 A.2d 392 (Del. Ch. 2009) .........................................................................8

*Perryman v. Stimwave Tech. Inc.*,
C.A. No. 2020-0079-SG, 2020 WL 2465720 (Del. Ch. May 13,
2020) ...............................................................................................................10

*Reifer v. Westport Ins. Corp.*,
751 F.3d 129 (3d Cir. 2014) ...................................................................*passim*

*Ryan v. Johnson*,
115 F.3d 193 (3d Cir. 1997) ..........................................................................14

*Senior Tour Players Mgmt. Co. LLC v. Golftown 207 Holding Co.,
LLC*,
853 A.2d 124 (Del. Ch. 2004) .........................................................................8

*Spring City Corp. v. Am. Bldgs. Co.*,
193 F.3d 165 (3d Cir. 1999) ...............................................................13, 14, 15

*Stevard LLC v. S-R Invs. LLC*,
No. 2021-0232-JTL, 2023 WL 10319981 (Del. Ch. Apr. 10, 2023) .................17

*Universal Concrete Prods., Inc. v. Pike Co., Inc.*,
No. CV 17-2589, 2018 WL 347625 (E.D. Pa. Jan. 10, 2018).....................5, 6, 7

**Statutes**

28 U.S.C. § 2201 ...............................................................................................4

## I. NATURE AND STAGE OF PROCEEDINGS

On February 5, 2021, Defendant Elliot Greenleaf, P.C. ("Defendant" or the "Firm") filed an action against Plaintiffs Rafael Zahralddin and Shelley Kinsella ("Plaintiffs") in the Pennsylvania Court of Common Pleas (the "CCP") for breach of fiduciary duties. *See Elliot Greenleaf, P.C. v. Zahralddin Aravena, et al.*, Mont. Co. C.C.P., No. 2021-01427 (the "PA Action"); *see also* (D.I. 1-1, Ex. 1 at PageID# 21.)

On January 11, 2022, Plaintiffs submitted to the Firm a request for advancement of the fees and expenses incurred in defending the PA Action and an undertaking. (D.I. 1-1, Ex. 1 at PageID# 54.) Defendant did not respond. On March 25, 2022, Plaintiffs submitted a demand for advancement with a copy of an invoice dated March 7, 2022, seeking advancement of $48,722.50 in fees and expenses incurred, as of that date, in defense of the PA Action (the "March 25 Letter"). On March 28, 2022, the Firm rejected the demand in the March 25 Letter.

On March 29, 2022, Plaintiffs filed a Verified Complaint for Advancement in the Court of Chancery seeking advancement of attorney's fees and costs (the "DE Action") incurred in defending the PA Action. (*See* D.I. 1-1, Ex. 1 at PageID# 5.) On March 30, 2022, Defendant filed a Notice of Removal (D.I. 1) to remove the DE Action to this Court. On April 19, 2022, Defendant filed a Motion to Dismiss arguing that the Court should decline to exercise its discretionary authority in maintaining jurisdiction. (D. I. 4 at 3.)

On April 27, 2022, Plaintiffs filed an Emergency Motion to Stay and to Extend Deadlines to: (i) Respond to Motion to Dismiss Litigation; (ii) Object to Removal; and (iii) To Allow Separate Briefing to Challenge Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Stay"). (D.I. 6.) On April 28, 2022, Plaintiffs filed a Motion to Remand (D.I. 8).

On April 29, 2022, this Court granted Plaintiffs' Motion to Stay. (D.I. 12). On April 14, 2025, this Court lifted the stay and set briefing schedules for Plaintiffs' Motion to Remand and Defendant's Motion to Dismiss. Briefing on Plaintiffs' Motion to Remand is complete. (D.I 22, 24). This is Plaintiffs' Opposition to Defendants' Motion to Dismiss.

## II.     __SUMMARY OF ARGUMENT__

1.     This Court should exercise its discretionary authority to maintain jurisdiction over Plaintiffs' declaratory claim because the PA and DE Actions are not parallel proceedings.

2.     This Court should refrain from abstention because the DE Action does not raise substantially identical claims to the claims alleged in the PA Action.

3.     If this Court retains jurisdiction, Defendant's motion to dismiss for failure to state a claim for advancement should be denied because the claims in the PA Action arise from Plaintiffs' official capacity as former directors of Defendant.

### III. STATEMENT OF FACTS

Plaintiffs are former directors and at-will employees of Defendant, a Pennsylvania corporation operating a law firm in Delaware. (D.I. 1-1, Ex. 1 at PageID# 6-7.) In the PA Action the Firm asserts, among other things, that Plaintiffs breached their fiduciary duties by (1) converting and destroying Defendant's property, including Defendant's files, data, and records, and (2) failing to disclose their intention of terminating their employment with Defendant. (*Id*. at PageID# 13, 41.)[1]

On January 11, 2022, Plaintiffs submitted a demand for advancement and an undertaking to repay the legal fees and costs incurred in connection with the defense of the PA Action if it is determined Plaintiffs are not entitled to indemnification. (D.I. 1-1, Ex. 1 at PageID# 54.) On March 25, 2022, Plaintiffs sent a letter to the Firm demanding payment of the enclosed invoice in the amount of $48,722.50. On March 28, 2022, Defendant refused to honor its obligations to Plaintiffs and rejected Plaintiffs' request. (*Id*. at PageID# 6.) On March 29, 2022, Plaintiffs filed the DE Action to enforce their rights to advancement. (*Id*. at PageID# 5.)

---

[1] The merits of the Firm's claims in the PA Action are not at issue here. Plaintiffs, who were at-will employees of the Firm with no contract, deny any liability to the Firm and reserve all rights with respect to their claims and defenses in the PA Action.

## IV. ARGUMENT

### A. The Court should exercise jurisdiction over Plaintiffs' declaratory claim as no parallel proceeding exists here.

Under the Federal Declaratory Judgment Act, this Court may declare the rights and remedies of any interested party seeking a declaratory judgment. 28 U.S.C. § 2201. The Supreme Court has held that a district court possesses discretionary authority to determine whether to exercise jurisdiction for such relief. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). Essential to the exercise of this discretion is whether there is a parallel state proceeding better equipped with granting the relief sought. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144 (3d Cir. 2014) (finding that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction[.]"). A parallel state proceeding exists when there is "substantial similarity in issues and parties between contemporaneously pending proceedings." *Kelley v. Maxum Specialty Group*, 868 F.3d 274, 284 (3d Cir. 2017) "Substantial similarity only means that the parties involved are closely related and the resolution of an issue will necessarily settle the matter in the other." *Casino Beach Pier LLC v. Westchester Surplus Lines Ins. Co.*, No. CV2010163FLWTJB, 2021 WL 1311047, at *5 (D.N.J. Apr. 8, 2021).

Defendant incorrectly argues that the PA Action and the DE Action are parallel proceedings because "Plaintiffs already raised the issue of advancement and

indemnity for their defense in the State Court Action by moving to compel the Firm to produce the Firm By-laws (on which they base this declaratory judgment)..." (D.I 4 at 8.)[2]  But parallel proceedings "are those that are truly duplicative, that is, when the claims are identical, or at least effectively the same." *Casino Beach Pier LLC*, 2021 WL 1311047, at *4 (cleaned up).  Here, the DE Action and PA Action are not identical, or even effectively the same.  The only claims in the PA Action are against Plaintiffs for damages.  The DE Action *only* seeks advancement of legal fees and costs incurred in connection with the defense of the PA Action.  (*See* D.I. 1-1, Ex. 1 at PageID# 6.)  Defendant does not argue, nor cite to any authority, stating that a breach of duty claim is substantially similar to advancement.  (*See generally* D.I. 4.)

Defendant cites *Universal Concrete Products Inc.* to argue that the PA Action is a parallel proceeding because Plaintiffs obtained Defendant's Bylaws in the PA Action and rely on them here. (*See* D.I. 4 at 9.)  But in *Universal*, the only issue before the Federal court – the enforceability of an arbitration provision – was before

---

[2] The Firm designated the Bylaws as "Confidential" under the Stipulated Protective Order in the PA Action.  Plaintiffs attached them to their complaint here.  The Firm sought to hold Plaintiffs in contempt for violating the Stipulated Protective Order by attaching the Bylaws to their complaint. That process delayed this summary proceeding for two years.  By Order dated January 23, 2025, the Court in the PA Action found that Plaintiffs had violated the Stipulated Protective Order by failing to designate the Bylaws as confidential in the DE Action but held that the Bylaws were not "Confidential" under the Stipulated Protective Order and rejected the Firm's argument that Plaintiffs' use of the Bylaws violated the Stipulated Protective Order.  Plaintiffs reimbursed $1823.80 of the Firm's out-of-pocket expenses to resolve the contempt.

the state court. *Universal Concrete Prods., Inc. v. Pike Co., Inc.*, No. CV 17-2589, 2018 WL 347625, at \*3-4 (E.D. Pa. Jan. 10, 2018).

Here, the parties in both the PA Action and DE Action are similar, but the issues being litigated are not. The "scope" of the PA Action is confined to Plaintiffs' alleged breaches of duty and conversion of Defendant's property. (*See generally* D.I. 1-1, Ex. 1 at PageID# 46-51). Plaintiffs have never asserted a claim for advancement in the PA Action. (D.I. 1-1, Ex. 1 at PageID# 5, 46-51.) Defendant argues that "[i]t makes no difference Plaintiffs have not yet asserted actual claims for advancement and indemnity in the State Court Action where they have raised the issues through discovery requests and discovery motion practice." (D.I. 4 at 9.) But according to federal law, it *does* make a difference that Plaintiffs have yet to assert claims for advancement in the PA Action. *See Kelly*, 868 F.3d at 283-84 (holding that the "mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient to make those similarity in issues."). Production of the Bylaws in the PA Action does not even create the possibility that the advancement claim could be adjudicated there. Thus, this Court should exercise its discretion to maintain jurisdiction over Plaintiffs' claim for advancement because Plaintiffs have never asserted the claim in the PA Action so the PA Action and DE Action are not parallel proceedings. *Universal Concrete Prods., Inc.*, 2018 WL

6

347625, at *2 ("[T]he absence of a parallel state proceedings militates significantly in favor of exercising jurisdiction...").

      1. *Even if the PA Action and DE Action are parallel proceedings, the Reifer factors favor this Court exercising jurisdiction.*

Upon a court finding that a parallel state proceeding exists, "it must ensure through a rigorous analysis that opposing factors outweigh the existence of the state court proceeding before exercising jurisdiction." *Universal Concrete Prods., Inc.*, 2018 WL 347625, at *3. In *Reifer v. Westport Ins. Corp.*, the Third Circuit outlined the following factors that district courts should consider when determining whether to exercise jurisdiction of a DJA claim:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restrain when the same issues are pending in a state court; (6) avoidance of duplicative litigation; and (7) preventing of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata.
> 751 F.3d at 146.

The *Reifer* factors weigh in favor of this Court exercising jurisdiction. 751 F.3d at 146.

The first *Reifer* factor focuses on whether the declaration sought would end the controversy and avoid duplicative litigation. *Id.* Declaring that Plaintiffs are entitled to advancement would end the DE Action but would have no bearing on the

7

underlying merits of the claims in the PA Action. (D.I. 1-1, Ex. 1 at PageID# 14-17.) Defendant claims that a decision in the DE Action would not resolve the underlying controversy in the DE Action because Plaintiffs' right to advancement "would ultimately depend on a final determination as to whether Plaintiffs engaged" in misconduct. (D.I. 4 at 10-11.) This argument conflates advancement with indemnification.

Under Delaware law, although 'the rights to indemnification and advancement are correlative, they are still discrete and independent rights." *Kaung v. Cole Nat'l Corp.*, 884 A2d 500, 509-10 (Del. 2005). "The right to advancement is not ordinarily dependent upon a determination that the party in question will ultimately be entitled to be indemnified." *Senior Tour Players Mgmt. Co. LLC v. Golftown 207 Holding Co., LLC*, 853 A.2d 124, 128 (Del. Ch. 2004). "Advancement provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant ongoing expenses inevitably involved with investigations and legal proceedings." *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211 (Del. 2005). "It is generally premature to consider indemnification prior to the final disposition of the underlying action." *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009). One reason for the delay is that indemnification is often dependent upon state of mind determinations that turn on evidence or findings of fact in the underlying proceeding. *Id*. Thus, Defendant is wrong when it argues that

Plaintiffs' advancement claim is dependent on the resolution of the PA Action. (*See* D.I. 4 at 11.)

The PA Action is only relevant to the DE Action for purposes of determining whether the alleged misconduct arises "by reason of" Plaintiffs' official capacity as former directors of Defendant. (*See* Bylaws, Article VII, Section 1); *see also Homestore,* 888 A.2d at 213 (explaining that advancement is warranted where there is a "causal connection or nexus" between the allegations in the underlying proceeding and the "corporate function or official [corporate] capacity."). The scope of the Court's authority extends only to that question "and not to issues regarding the movant's alleged conduct in the underlying litigation." *Homestore, Inc. v. Tafeen*, 886 A.2d 502, 503 (Del. 2005).

The second *Reifer* factor, the convenience of the parties, weighs in favor of Plaintiffs. Plaintiffs are residents of Delaware, and Defendants have maintained an office in downtown Wilmington, Delaware for about fourteen years. (*See* D.I. 1-1, Ex. 1 at PageID# 6-7); *see also* 751 F.3d at 146. Having to litigate in Delaware cannot be inconvenient for the Firm.

The third *Reifer* factor addresses whether the public has an interest in settling the dispute. 751 F.3d at 146. Defendant claims that the third factor weighs against federal jurisdiction because "Pennsylvania state law governs Plaintiffs' advancement claim..." (D.I. 4 at 12.) But absent "an unsettled question of state law or policy issue

implicated by the claims in a matter, there is little reason for a federal court to be reluctant about deciding the case." *Casino Beach Pier LLC*, 2021 WL 1311047, at *6 (quoting *Kelly*, 868 F.3d at 288, n. 13). There is no (1) novel state issue or (2) Pennsylvania policy implicated by the DE Action. (D.I. 4 at 12.)

The fourth *Reifer* factor similarly weighs in favor of exercising jurisdiction as this Court is better equipped with granting the relief sought. 751 F.3d at 146. Delaware courts have "long recognized that a delay in recognizing advancement rights may ultimately render those rights illusory." *Perryman v. Stimwave Tech. Inc.*, C.A. No. 2020-0079-SG, 2020 WL 2465720, at *4 (Del. Ch. May 13, 2020). Defendant also argues that Plaintiffs already received relief as to advancement when they obtained the Bylaws in the PA Action. (D.I. 4 at 12-13.) Defendant is simply wrong. Obtaining the documents describing Plaintiffs' advancement rights is not the equivalent of enforcing those rights. (*Id.*)

The fifth *Reifer* factor, a policy of restraint, is only applicable "when the same issues are pending in state court between the same parties." 751 F.3d at 146. Again, Defendant incorrectly claims that Plaintiffs "raised and received relief as to the issue of advancement and indemnification in the State Court Action." (D.I. 4 at 13.) Not so. The claims in the PA Action seek damages against Plaintiffs, while the DE Action is only concerned with whether Plaintiffs are entitled to advancement to defend against those claims. (*See* D.I. 1-1, Ex. 1 at PageID# 6, 46-51.)

The sixth *Reifer* factor, avoidance of duplicative litigation, weighs in favor of this Court exercising jurisdiction. 751 F.3d at 146. In *Bhd. Mut. Ins. Co. v. First Presbyterian Church of Bethlehem*, the Court found that while the case before it and "the pending state court case may share a common factual background, the cases are not duplicative because the parties and the claims are distinct." No. CV 23-678, 2023 WL 7329446, at *6 (E.D. Pa. Nov. 7, 2023). Here, as explained above, the parties are similar, but the claims are not. (*See* D.I. 1-1, Ex. 1 at PageID# 6, 46-51.) Advancement is distinct from the breach of duty claim in that a resolution of one claim would not necessarily resolve the other. *See, e.g.*, *Casino Beach Pier LLC*, 2021 WL 1311047, at *5.

Finally, Plaintiffs are not seeking a declaratory judgment for procedural fencing or *res judicata*. 751 F.3d at 146. Defendant's argument that "where the declaratory judgment action is filed later in time under circumstances that suggest forum shopping, this factor favors the state court proceedings" (D.I 4 at 14.) fails. Plaintiffs could not have filed the DE Action until after the commencement of the PA Action because they did not incur legal fees until Defendant initiated the PA Action. *Aleynikov*, 765 F.3d at 359; (*see also* D.I. 1-1, Ex. 1 at PageID# 17.)

### B. Under the doctrine of abstention, the PA Action and DE Action do not raise substantially identical claims.

Under the doctrine of abstention, a district court may "decline to exercise jurisdiction or postpone the exercise jurisdiction." *Colorado River Water*

11

*Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (cleaned up). Abstention, however, is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* In determining whether abstention is appropriate, courts have developed a two-prong test. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). First, "[t]he initial question is whether there is a parallel state proceeding that raises 'substantially identical claim [and] nearly identical allegations and issues." *Id*. "Cases are not parallel under Colorado River abstention where the federal court case involves claims that are distinct from those at issue in a state court case[.]" *Kelly*, 868 F.3d at 285. Second, "if the proceedings are parallel, courts then look to a multi-factor test to determine whether extraordinary circumstances meriting abstention are present." *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 307—08.

Here, Defendant again mistakes advancement for indemnification. (D.I. 4 at 15.) Defendant argues that both state and federal proceedings are parallel because "Plaintiffs right to advancement fees ultimately depend on a state court final determination." (*Id*.) This misstates Delaware law. As explained above, only the right to indemnification is dependent on a final determination in the PA Action. (*See* Bylaws, Article VII, Section 2); *see also Homestore, Inc.*, 888 A.2d at 213. Hence, this Court may adjudicate the advancement claim without deference to the CCP's

final decision. *See Kelly*, 868 F.3d at 285 (explaining that proceedings are not parallel if the "two cases employ[ ] substantially different approaches [which] might achieve potentially different results."). Therefore, the absence of a parallel proceeding weighs in favor of this Court exercising jurisdiction under the doctrine of abstention.

### 1. The multi-factor test shows that abstention is not warranted here.

After finding that parallel proceedings exist, courts must employ a multi-factor test to determine "whether 'extraordinary circumstances' meriting abstention are present." *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 307—08. Though the PA Action and DE Action are not parallel proceedings, the following multi-test shows that abstention is not warranted here:

> (1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law control; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999).

First, while the CCP obtained jurisdiction before this Court, advancement claims, by their nature, cannot be brought before the initiation of an action because advancement provides "interim relief" on an ongoing basis as the individual incurs legal fees and costs. *Spring City Corp.*, 193 F.3d at 171; *see also Aleynikov*, 765

13

F.3d 359. If Defendant never initiated the PA Action, then Plaintiffs would have no need to seek advancement. (*See* D.I. 1-1, Ex. 1 at PageID# 5-6.)

Second, litigating before this Court is convenient for all parties. 193 F.3d at 171. Plaintiffs are residents of Delaware, and though Defendant is a Pennsylvania-based firm, it has maintained an office in downtown Wilmington, Delaware for approximately fourteen years. (*See* D.I. 1-1, Ex. 1 at PageID# 6-7.) Thus, the short commute to the Delaware District Courthouse is convenient for all parties.

Third, the absence of piecemeal litigation favors this Court exercising jurisdiction. 193 F.3d at 171. Though no one factor is determinative, "the desirability of avoiding piecemeal litigation, was [b]y far the most important factor in the *Colorado River* decision." *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 308. "For this factor to apply, there must be a strongly articulated *congressional policy* against the piecemeal litigation in the specific context of the case under review." *Flint v. A.P. Desanno & Sons*, 234 F. Supp. 2d 506, 513 (E.D. Pa. 2002). Defendant's Opening Brief fails to point towards any federal policy that advancement claims "should be tried in the state courts." (*See generally* D.I. 4 at 16-17); *see also Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997). Therefore, the lack of piecemeal litigation weighs in favor of this Court refraining from abstention.

Fourth, finding that abstention is appropriate here just because the CCP first obtained jurisdiction sets the dangerous precedent that a party can never seek

advancement in a Federal court given that advancement is triggered by the commencement of a proceeding. *Spring City Corp.*, 193 F.3d at 171.

Fifth, while there is no federal law at issue, and the Bylaws are governed by Pennsylvania law, Pennsylvania state courts have routinely looked to Delaware law for guidance on advancement issues. *Spring City Corp.*, 193 F.3d at 171; *see also Johnson v. Farm Journal, Inc.*, 2019 WL 3530423, at *4 (E.D. Pa. Aug. 1, 2019) ("Because Pennsylvania authority regarding the interpretation of indemnification and advancement provisions under the BCL is lacking, the Court turns to Delaware authority to guide its analysis."). Given this Court's expertise with advancement-related claims, and Pennsylvania courts' deference to Delaware for such claims, the fifth factor weighs in favor of this Court exercising jurisdiction.

Finally, the CCP is incapable of protecting Plaintiffs' interest as to advancement because this claim has not been raised in the PA Action, nor do Plaintiffs intend to bring such a claim before the CCP. *Spring City Corp.*, 193 F.3d at 171. Moreover, this Court is better equipped with adjudicating the merits of Plaintiffs' claims given Delaware's expertise on advancement. *See Johnson*, 2019 WL 3530423, at *4.

**C. Plaintiffs are entitled to advancement because the PA Action's allegations are related to their corporate capacity as former directors.**

*1. Pursuant to the Bylaws, the PA Action arises "by reason of" Plaintiffs' role as former directors of Defendant.*

In accordance with the terms of the Bylaws, the PA Action triggered Plaintiffs' right to advancement as it arose "by reason of" Plaintiffs' official capacity as former directors of Defendant. (Bylaws, Article VII, Section 1.) Article VII, Section 1 of the Bylaws defines who is entitled to indemnification:

> Indemnification. The Corporation shall indemnify any director, officer, employee or agent of the Corporation or any of its subsidiaries in connection with any threatened, pending or completed action, suit, appeal or other proceeding of any nature, whether civil, criminal, administrative or investigative, whether formal or informal and whether brought by the or in the right of the Corporation, its shareholders or otherwise **by reason of the fact that such person was or is a Director or officer of the Corporation**, its parent or any of its subsidiaries, or acted as a Director or officer or in any other capacity **on behalf of the Corporation**, its parent or any of its subsidiaries or is or was serving at the request of the Corporation as a Director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, or with respect to any employee benefit plan to the fullest extent permitted by law, including without limitation, indemnification against expenses (including attorneys fees and disbursements), damages, punitive damages, judgments, penalties, fines and amount paid in settlement actually and reasonably incurred by such person in connection with such proceeding **unless the act or failure to act giving rise to the claim is finally determined by a court to have constituted willful misconduct or recklessness by such person**. If an authorized person is not entitled to indemnification in respect of the entire amount of the liabilities which such person may be subject, the Corporation shall nonetheless indemnify such person to the maximum extent permitted by law for the remaining portion of the liabilities.

(Bylaws, Article VII, Section 1 (emphasis added).)

The Bylaws further obligates Defendant to advance Plaintiffs their legal fees, costs, and expenses incurred in defending against a civil action:

> Advances. The Corporation shall pay the expenses (including attorneys' fees and disbursements) actually and reasonably incurred in defending a civil or criminal action, suit or proceeding on behalf of any person entitled to indemnification under Section 1 above in advance of the final disposition of such action, suit, or proceeding upon receipt of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the Corporation as authorized in this Article. The financial ability of such person to make such repayment shall not be a condition precedent to making the advances authorized by this Section.

(Bylaws, Article VII, Section 2.)

The "by reason of the fact" standard is satisfied upon the indemnitee showing the existence of a "causal connection or nexus" between any underlying proceeding and "one's official corporate capacity." *Aleynikov v. Goldman Sachs Grp., Inc.*, No. CIV. 12-5994 KM, 2013 WL 5739137, at *20 (D.N.J. Oct. 22, 2013), *aff'd in part, vacated in part*, 765 F.3d 350 (3d Cir. 2014) (quoting *Perconti v. Thornton Oil Corp.*, CIV. A. 18630–NC, 2002 WL 982419, at *4 (Del. Ch. May 3, 2002). This nexus or causal connection is established if the "corporate powers were used or necessary for the commission of the alleged misconduct." *Stevard LLC v. S-R Invs. LLC*, No. 2021-0232-JTL, 2023 WL 10319981, at *4 (Del. Ch. Apr. 10, 2023).

17

Here, Defendant alleges, among other things, that Plaintiffs breached their fiduciary duties by converting and destroying Firm property. (D.I. 1-1, Ex. 1 at PageID# 41.) Delaware courts hold that in an action based "on the misuse of confidential information that the defendants learned in his or her official corporate capacity, that action qualifies as being asserted 'by reason of' that corporate capacity." *Nielsen v. EBTH Inc.*, No. CV 2019-0164-MTZ, 2019 WL 4755865, at *10 (Del. Ch. Sept. 30, 2019), *judgment entered,* (Del. Ch. 2019); *see also Johnson*, 2019 WL 3530423, at *4 (stating that Pennsylvania looks to Delaware courts for guidance on advancement-related claims.) On that basis, the PA Action arises from Plaintiffs' corporate capacity as they would not have access to Defendant's confidential information but for their role as former directors of Defendant. (*See* D.I. 1-1, Ex. 1 at PageID# 41.) It is of no consequence that Defendant alleges conversion of firm's property for their own "personal benefit." (*See* D.I. 4 at 20); *see also Brown v. LiveOps, Inc.*, 903 A.2d 324, 330 (Del. Ch. 2006) (holding "by reason of fact" standard satisfied where the *"gravamen of the underlying complaint is that [the plaintiff] had access to proprietary information by reason of the fact* that was a director and officer of [the company] and that he wrongly used that information for his *personal benefit*.") (emphasis added).

*2. Plaintiffs allegedly acting for their own personal benefit has no bearing on whether they are entitled to advancement.*

Defendant relies on *Souder v. Rite Aid Corp.* to argue that Plaintiffs are not entitled to advancement because they allegedly acted for their own personal benefit. (*See* D.I. 4 at 20); *see also* 911 A.2d 506 (PA Super. 2006). But Defendant fails to place *Souder* in its proper context. There, the court found that the underlying action was not brought "by reason of" of Appellant's corporate powers because he fraudulently received compensation under the Appellee's employment agreements for "his own personal welfare." *Id*. at 512. Unlike *Sounder*, the PA Action includes a cause of action for conversion against Plaintiffs, and such an action has been deemed by courts as arising from one's corporate powers. *See Nielson*, 2019 WL 4755865, at *10. In *Brown v. LiveOps, Inc.*, the defendant corporation alleged that the plaintiff violated its "contractual and intellectual property" by: (1) forming a competing company after terminating his employment with the defendant; and (2) misappropriating confidential information to form the competing business. 903 A.2d 324, 325 (Del. Ch. 2006). Because the plaintiff gained access to the defendant's confidential information by way of his status as a director and officer, the court found that his "corporate powers were used, and were necessary, for the commission of the alleged misconduct" and therefore was entitled to advancement. *Id*. at 329.

Defendant also alleges that Plaintiffs violated its written policies by misappropriating, misusing, and converting confidential information. (D.I. 1-1, Ex. 1 at PageID# 25.) It makes no difference for purposes of advancement that Plaintiffs allegedly committed these acts for their own personal benefit. (D.I. 4 at 20); *see also Holley v. Nipro Holley v. Nipro Diagnostics, Inc.*, No. CA 9679-VCP, 2014 WL 7336411, at *9 (Del. Ch. Dec. 23, 2014) ("In advancement cases, the line between being sued in one's personal capacity and one's corporate capacity generally is drawn in favor of advancement with disputes as to the ultimate entitlement to retain the advanced funds being resolved later at the indemnification stage."). Whether Plaintiffs are entitled to advancement rests solely on "whether the [wrongful] scheme is alleged to have employed the corporate powers...conferred upon the officer by virtue of his status." *Nielson*, 2019 WL 4755865, at *10.

Here, Plaintiffs only gained access to the Defendant's confidential information because of their status as directors. (*See* D.I. 1-1, Ex. 1 at PageID # 14.) Therefore, Plaintiffs are entitled to advancement as the PA Action arises "by reason of the fact" of their corporate capacity as former directors of Defendant. (*Id*.)

## V.    **<u>CONCLUSION</u>**

Plaintiffs respectfully request this Court to deny Defendant's Motion to Dismiss and exercise jurisdiction over the claims before it.

Dated: June 20, 2025

BAYARD, P.A.

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
pladig@bayardlaw.com
rgolden@bayardlaw.com

## CERTIFICATION OF COMPLIANCE

I certify that Plaintiffs' Answering Brief in Opposition to Defendant's Motion to Dismiss complies with the page and word-count provisions set forth in the Standing Order Regarding Briefing in All Cases. The total word count is 4,982. I also certify that the Answering Brief in Opposition to Defendant's Motion to Dismiss has been prepared in 14-point Times New Roman typeface and complies with the Standing Order Regarding Briefing in All Cases.

Dated: June 20, 2025

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)

# CERTIFICATE OF SERVICE

I, Peter B. Ladig, hereby certify that on June 20, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court for the District of Delaware using the CM/ECF system which will send notification of such filing to counsel for Defendant.  I also sent a courtesy copy to counsel for Defendant as follows:

Deidre M. Richards (No. 4191)
1105 Market Street, Suite 1700
Wilmington, DE 19801
(302) 384-9400
dmr@elliotgreenleaf.com


*/s/Peter B. Ladig*
Peter B. Ladig (#3513)

23