RAFAEL X. ZAHRALDDIN and
SHELLEY A. KINSELLA,

Plaintiffs,

v.

ELLIOTT GREENLEAF, P.C.,
Defendant.

Civil Action No. 22-412-CFC

## ORDER

Plaintiffs Rafael Zahralddin and Shelley Kinsella have moved under 28 U.S.C. § 1447(c) to remand this case to the Delaware Court of Chancery, from which it was removed by Defendant Elliott Greenleaf, P.C. D.I. 8. Defendant cited this Court's original diversity jurisdiction under § 1332(a) as the basis for removal of the Chancery Court action and stated in its removal notice that "the amount in controversy exceeds $75,000 exclusive of interests and costs." D.I. 1 at 2. Plaintiffs argue that I must remand the case "because the Demand Amount sought at the time the Complaint was filed, $48,722.50, is less than the diversity threshold amount of $75,000." D.I. 8 at 7.

The Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted

when not contested by the plaintiff or questioned by the court." *Id.* at 87. The Court further held that if a plaintiff in a case removed to federal court contests the defendant's amount-in-controversy allegation, then

> [28 U.S.C.] § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold. . . . In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

*Id.* at 88 (footnote omitted).

Neither side mentioned *Dart* in its briefing on the pending motion to remand. And the standards both sides ask me to apply to resolve the motion appear to conflict with the standard adopted in *Dart*. *See* D.I. 8 at 5 ("If there are any factual disputes about the amount in controversy, the removing party must prove his allegations of jurisdiction by a preponderance of the evidence. Once findings of fact have been made (or if there were never disputed issues), a court must determine whether it appears to a legal certainty that the plaintiff cannot recover the threshold jurisdictional amount.") (citations omitted); D.I. 22 at 16 ("[T]he district court should not remand a case under its diversity jurisdiction unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'") (citation omitted).

NOW THEREFORE, at Wilmington on this Fifteenth day of August in 2025, it is HEREBY ORDERED that each side shall file no later than August 27, 2025 a letter that addresses the following issues:

1. Whether *Dart* governs how the Court should determine the amount in controversy.

2. Whether the Court should convene a hearing for both sides to adduce evidence about the amount in controversy.

_____
CHIEF JUDGE
