

A Professional Corporation

1105 North Market Street, Suite 1700
Wilmington, Delaware 19801

Phone: (302) 384-9400 • Fax: (302) 384-9399
www.elliottgreenleaf.com

DEIRDRE M. RICHARDS
DIRECT DIAL: (302) 384-9402
EMAIL: DMR@ELLIOTTGREENLEAF.COM

August 27, 2025

***VIA Electronic Filing***

Chief Judge Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

> **Re:** ***Rafael X. Zahralddin, et al. v. Elliott Greenleaf, P.C.***
> **USDC Delaware, No. 1:22-cv-00412-CFC**

Dear Chief Judge Connolly:

We represent the Defendant Elliott Greenleaf, P.C. ("Defendant") in the above-captioned matter and submit this letter in accordance with the Court's August 15, 2025 Order. (D.I. 27).

## I. *Dart* Governs How The Court Should Determine The Amount in Controversy.

As an initial matter, Defendant agrees that the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) governs how the Court should determine the amount in controversy. As Your Honor indicated in the Order, the Supreme Court set forth two tracks that might apply when considering whether the amount in controversy requirement has been satisfied for purposes of diversity jurisdiction in a removal case. (D.I. 27 at pp. 1-2). In the first track, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court . . ." (*Id.* (citing *Dart*, 574 U.S. at 87)). In the second track, "if a plaintiff in a case removed to federal court contests the defendant's amount-in-controversy allegation, then . . . both sides submit proof and the court decides, by a preponderance of the evidence whether the amount in controversy requirement has been satisfied." *Dart*, 574 U.S. at 88.

Your Honor is correct that Defendant removed this action, Plaintiffs' claim for advancement of current and future legal fees, pursuant to this Court's diversity jurisdiction by alleging: "the amount in controversy exceeds $75,000 exclusive of interests and costs." (D.I. 27 at 1 (citing D.I. 1 at 2)). To support this allegation, Defendant cited to Plaintiffs' own Complaint, to which Plaintiffs attached a demand letter from January 2022 (two months before filing suit) in which they demanded advancement in the amount of "approximately $152,000 in legal fees and $14,100 in expenses[.]" (D.I. 1-1, Compl., Ex. "C").

Your Honor also accurately summarized that "Plaintiffs argue that [the Court] must remand the case 'because the Demand Amount sought at the time the Complaint was filed, $48,722.50, is less than the diversity threshold amount of $75,000.'" (D.I. 27 at 1 (citing D.I. 8 at 7) (emphasis added)). Significantly, the "Demand Amount" that Plaintiffs refer to is not an amount they demanded or referenced anywhere in their Complaint; rather, the "Demand Amount" is just the amount of a partial invoice their counsel had just issued in March 2022 for the unpaid balance of prior bills plus additional fees and costs that had apparently accrued since Plaintiffs issued their January 2022 demand on Defendants. (D.I. 8 at pp. 3, 8-3).

Though Defendant did not directly cite *Dart*, but only some cases relying upon *Dart*, Defendant has essentially argued that the Court need not go beyond the "first track" identified in *Dart*. *See, e.g.* (D.I. 22 at pp. 11-12-16). This is because "Plaintiffs erroneously conflate the 'Demand Amount' . . . with the 'amount in controversy' Plaintiffs have placed at issue in the lawsuit." (D.I. 22 at p. 17). As a result, "despite claiming to challenge the amount in controversy, Plaintiffs do not actually argue that 'a reasonable reading of the value of the rights being litigated' does not exceed $75,000 and, as such, have fatally not actually challenged the 'amount in controversy.'" (*Id.*).

In their Reply Brief, Plaintiffs appear to take the step they shied away from taking in their initial Motion for Remand in 2022, and they now argue the amount in controversy, for this lawsuit seeking advancement for litigation that has now been pending for over four years, is less than $75,000.

In order to reach this conclusion, Plaintiffs first ask this Court not only to disregard their January 2022 representation that the legal fees and expenses due at that time totaled approximately $166,000 (D.I. 1-1, Compl., Ex. "C"), but also accept their current representations that they are only ever going to seek $48,722.50 for all

fees and costs incurred prior to filing this suit. Even then, though, this Court could not conclude the amount in controversy is less than $75,000 unless this Court also accepted Plaintiffs next argument that the Court should disregard – and not sign any value to – their request for a declaration that they are "entitled to advancement for <u>any future attorneys' fees, costs, and expenses</u> . . . and the entry of an order for payment procedures pursuant to *Danenberg*[]." (D.I. 1-1 at Prayer for Relief) (emphasis added).

Plaintiffs make this additional request because they know the amount of fees and costs incurred in the Pennsylvania action since they filed this action absolutely exceed the amount in controversy threshold. Indeed, in their reply they do not deny this. As Defendant explained in its response, this Court is not permitted to disregard Plaintiffs' demand for declaratory relief for "future attorneys fees, costs and expenses" but rather must include "the value of the right . . . to be declared" in its determination of the amount in controversy. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 396-98 (3d. Cir. 2016) (determining that though the compensatory damages at issue in the case only total $60,000 the addition of the value of the "cost of defense" the plaintiff demanded "counsel fairly be assumed to be well in excess of the $15,000 different between $60,000 and the $75,000 jurisdictional threshold.").

## II. The Court Does Not Need to Convene a Hearing for Both Sides to Adduce Evidence About The Amount in Controversy.

Defendant maintains that the substance of Plaintiffs' Motion for Remand did not actually challenge the amount in controversy and so Defendant's allegation, based upon Plaintiffs' own filings, should be accepted to support the amount in controversy in excess of $75,000. Even if that were not the case, Plaintiffs have not, nor could they credibly, argue that the "value" of their declaratory relief for future fees, costs and expenses is less than the $26,278.50 needed to meet the jurisdictional threshold of $75,000, even under their theory of the "amount in controversy" at the time they filed suit. Plaintiffs position as to the value of their requested declaratory relief is thus, as a matter of law, untenable. As such, even setting aside the fact that Plaintiffs' Complaint demanded in excess of $152,000, as in *Auto-Owners*, the Court should fairly conclude without the need for a hearing that the value of the declaratory relief being sought far exceeds $26,278.50, and so the jurisdictional limits have been met in that way as well.

However, to the extent Plaintiffs are actually arguing that the amount in controversy in this action, seeking past, current and future legal fees and costs for years of litigation, is and will always be less than $75,000, Defendant agrees that under *Dart* this Court should hold a hearing and testimony, and allow Defendant to pursue discovery in advance of that hearing, so that the Court can determine "by a preponderance of the evidence whether the amount in controversy requirement has been satisfied."

Respectfully,

*/s/ Deirdre M. Richards*
Deirdre M. Richards (#4191)
Mark J. Schwemler (*admitted pro hac vice*)
Colin J. O'Boyle (*admitted pro hac vice*)

cc:     All Counsel of Record (*via CM/ECF*)