

600 N. King Street • Suite 400                                    Writer's Direct Access:
P.O. Box 25130 • Wilmington, DE 19801                                  (302) 429-4219
Zip Code For Deliveries 19801                              Email: pladig@bayardlaw.com

August 27, 2025

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

  Re: *Rafael X. Zahralddin and Shelley Kinsella v. Elliott Greenleaf, P.C.*
    C.A No. 22-cv-00412-CFC

Dear Chief Judge Connolly:

I write on behalf of Plaintiffs Rafael X. Zahralddin and Shelley Kinsella ("Plaintiffs") in response to Your Honor's Order dated August 15, 2025 (D.I. 37) requesting that the parties address the following issues:

1. Whether *Dart* governs how the Court should determine the amount in controversy.

2. Whether the Court should convene a hearing for both sides to adduce evidence about the amount in controversy.

Plaintiffs respectfully submit that *Dart* does govern how the Court should determine the amount in controversy. Where, as here, the plaintiffs contest





defendant's allegation that the amount in controversy satisfies the jurisdictional minimum, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 *U.S.C.* § 1446(c)(2)(B)). *Dart* further counsels that when the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*.

As to the second issue identified by the Court, *Dart* holds only that evidence must be submitted by the parties, not how that evidence is submitted. In other words, an evidentiary hearing is not required by *Dart*. The Court can decide the issue on a summary judgment record. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings along, or by submitting summary-judgment-type evidence"). Indeed, this Court determined the amount in controversy based on affidavits submitted by a party in *Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, 500 F.Supp.3d 255, 262 (D. Del. 2020).



Plaintiffs submit that this issue seems ripe for resolution on a summary-judgment-type record rather than an evidentiary hearing.  The Complaint does not allege the amount of advancement sought.  The only evidence of the amount in controversy at the time of removal is the demand made by Plaintiffs shortly before filing the Complaint.  The Court can resolve this issue on a paper record as in *Manhattan Telecommunications*.

We hope that we have been responsive to the Court's concerns.  If Your Honor has any additional questions, counsel are available at the convenience of the Court.

Respectfully,

*/s/ Peter B. Ladig*

Peter B. Ladig (#3513)

cc:    Dierdre Richards, Esq. (via CM/ECF and email)